**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**


Minneapolis Firefighters' Relief                              Civil No. 08-6324 PAM/AJB
Association, et al.,

                            Plaintiffs,

                                                        **FINDINGS AND REPORT**
v.                                                      **AND RECOMMENDATION ON**
                                                        **MOTIONS FOR APPOINTMENT OF**
Medtronic, Inc., et al.                                 **LEAD PLAINTIFF AND LEAD COUNSEL**

                            Defendants,


        This matter is before the Court, United States Magistrate Judge Arthur J. Boylan,

for report and recommendation to the district court on competing motions for appointment of

lead plaintiff and lead counsel.  The action has been commenced as a putative class action

pursuant to a complaint alleging violations of federal securities law.  Certain named plaintiffs

and other class members filed motions seeking to be appointed lead plaintiff in the case, either

alone or jointly with other named or prospective plaintiffs, and the respective motions further

sought appointment of selected counsel.  Each of the motions was brought on behalf of an

institutional investor or group of institutional investors.  Prior to the hearing date a stipulation

was filed in which all of the moving parties, with the lone exception of the City of Los Angeles

Fire and Police Pension Commissioners ("City of Los Angeles"), consented to the appointment

of the Medtronic Institutional Investor Group, consisting of the Teachers Retirement System of

Oklahoma ("Oklahoma Teachers"), Oklahoma Firefighters Pension Fund ("Oklahoma

Firefighters"), Union Asset Management Holding AG ("Union"), and Danske Invest

Management A/S ("Danske"), to serve as lead plaintiff.  Under the stipulation, selected

counsel–the laws firms of Barroway Topaz Kessler Meltzer & Check LLP, Bernstein Litowitz

Berger & Grossman LLP, Motley Rice LLC, and Grant & Eisenhofer PA, would jointly serve as

class lead counsel; and Chestnut & Cambronne PA, would be liaison counsel.  In essence, the

pending motions of Union, et al.[1] [Docket No. 20] and the Oklahoma Teachers, et al[2] [Docket

No. 29] have been combined, and the motion by the Ironworker Locals[3] [Docket No. 16] is moot.

The City of Los Angeles opposes appointment of lead plaintiffs and lead counsel pursuant to the

filed stipulation and seeks approval of itself as lead plaintiff and its selected counsel as lead and

liaison attorneys  [Docket No. 24].  Gerald H. Silk, Esq., appeared and argued on behalf of the

group of class members advancing appointment pursuant to the stipulation.  Darren J. Robbins,

Esq., appeared and argued on behalf of the City of Los Angeles, and Patrick V. Dahlstrom, Esq.,

appeared and argued on behalf of the Ironworkers group.

> Based upon the file, memorandums, affidavits, exhibits, and arguments of

counsel, the magistrate judge makes the following:

**Findings and Conclusions**

> **Lead Plaintiff.**  Among the parties seeking appointment as lead plaintiff in this

matter, the group of institutional investors identified as the Medtronic Institutional Investor

Group, consisting of the Oklahoma Teachers, Oklahoma Firefighters, Union, and Danske, is the

---

[1]  Union Asset Management Holding AG, Carpenters Pension Trust Fund for Northern California, Carpenters Annuity Trust Fund for Northern California, and Oklahoma Firefighters' Pension Fund.

[2]  Teachers' Retirement System of Oklahoma, Fjarde AP-Fonden, and Danske Invest Management A/S.

[3]  Iron Workers Local 40, 361, 417 Union Security Funds, and Iron Workers Local 580 Joint Funds.

"most adequate plaintiff" for purposes of representing the interests of class members having potential claims in the case.  15 U.S.C. § 78u-4(a)(3)(B)(I).  Collectively, the members of the Medtronic Institutional Investor Group ("the Medtronic Group") have the largest financial interest in the relief sought by the claim by virtue of aggregate claimed losses in the approximate amount of $19 million; each member has filed either a complaint or the appropriate motion for appointment as lead plaintiff; and the Group satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure with respect to representative parties.  15 U.S.C. § 78u-4(a)(3)(B)(iii). Not only does this aggregate loss claim greatly exceed the $1 million claim of competing movant City of Los Angeles, but perhaps equally compelling, the $10.3 million loss claim of Union, the $5 million loss claim of Oklahoma Teachers, the $2.68 million claim of Danske, and the $1 million claim of Oklahoma Firefighters, each equal or greatly exceed the claimed loss of the City of Los Angeles.  See Reimer v. Ambac Financial Group, Inc. 2008 WL 2073931 at *2-3 (S.D.N.Y. May 9, 2008)(citing cases using aggregated loss claim in considering lead plaintiff appointment, and noting that barring claimants from aggregating claims for purposes of establishing a "group" when determining financial interest and appointing lead plaintiff is minority view).  In addition, the City of Los Angeles has not provided persuasive rebuttal evidence to establish that the Medtronic Group will not fairly and adequately protect the interests of the class or that the Group or any member of the Group is subject to unique defenses that would render it incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Moreover, the Court is not wholly persuaded the claimed loss of the City of Los Angeles was determined on the basis of an accounting method that appropriately reflects the amount of the claimed loss for purposes of determining the "most adequate plaintiff," and in that

3

respect the City of Los Angeles may indeed be subject to "unique defenses" that would inhibit adequate class representation.  Id.  Any presumption of adequacy of the City of Los Angeles as a proper class plaintiff is therefore in question, if not wholly rebutted.  Finally, the Court finds that the City of Los Angeles has not effectively rebutted the presumption favoring the Medtronic Group with regard to a contention that the Union and Danske plaintiffs are subject to unique defenses regarding their Article III standing in this matter because those funds lack an ownership interest in the claims of their clients.  In light of the Medtronic Group's representations to the Court that the institutional plaintiffs have received effective assignments of claims, the Court concludes that the City of Los Angeles has failed to support its assertion with necessary proof that Union and Danske are subject to standing defenses that would render them incapable of representing the class.  Sprint Communications Co., L.P. v. APCC Services, Inc., 128 S.Ct. 2431, 2542 (2008)(Article III standing may be conferred by assignment of claim).

    **Lead Counsel.**  Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) the "most adequate plaintiff" shall select and retain class counsel, subject to court approval.  The Court concludes that the lead plaintiff's selection of multiple law firms to serve as class counsel is reasonable and appropriate under the circumstances in this case.  Each of the four lead counsel firms is aligned with an institutional investor member of the lead plaintiff group and each of the proposed firms has (1) identified or investigated potential claims on behalf of the client; (2) has substantial experience in handling class actions and other complex litigation, including securities cases; (3) has knowledge of the applicable law; (4) has resources that will be committed to representing the class; and (5) will fairly and adequately represent the interests of the class.  Fed. R. Civ. P. 23(g). With respect to appointment of multiple law firms as class counsel, the City of Los Angeles

raises the somewhat attractive argument that the litigation could be managed more efficiently, and at lower cost, by a single law firm that is able to fully coordinate and supervise litigation activities and thereby prevent duplication of work and attorney fees. Nonetheless, it is the Court's determination that duplication of effort and assessment of unnecessary fees and expenses can be effectively prevented by strict compliance with a litigation management and task assignment plan to be submitted by lead counsel for approval by the Court, along with final review of attorney fees and expenses by the Court, as provided in the below stated Recommendation.

Based upon the file, memorandums, affidavits, exhibits, and arguments of counsel, along with the foregoing Findings and Conclusions, the magistrate judge makes the following:

## RECOMMENDATION

1.  The Motion by the Iron Workers for Appointment as Lead Plaintiff and Approval of Lead Counsel and Liaison Counsel should be **denied as moot** [Docket No. 16]. Pursuant to written stipulation [Docket No. 44] and representations at hearing, the Iron Workers expressly assert support for the lead plaintiff and lead counsel structure as provided in the stipulation.

2.  The Motion of the Institutional Investor Group for Appointment as Lead Plaintiffs and for Approval of its Selection of Counsel should be **granted** [Docket No. 20] as further provided in this Recommendation.

3.  The City of Los Angeles' Fire & Police Pension Commissioners' Motion for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Choice of Lead and Liaison

Counsel should be **denied**  [Docket No. 24].

4.   The Motion of the Medtronic Institutional Investor Group for Appointment as Lead Plaintiff and for Approval of its Selection of Lead Counsel and Liaison Counsel should be **granted** [Docket No. 29] as further provided in this Recommendation.

5.   Any actions brought on behalf of the purchasers of the securities of Medtronic, Inc., and that allege claims that are related to those asserted in this matter and have been previously filed, removed, or transferred, or may subsequently be filed, removed, or transferred, should be **consolidated** for all purposes.

6.   The Medtronic Institutional Investor Group, consisting of the Teachers Retirement System of Oklahoma, Oklahoma Firefighters Pension Fund, Union Asset Management Holding AG, and Danske Invest Management A/S, should be **appointed** to serve as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B), for  purposes of prosecuting the consolidated litigation.

7.   The laws firms of Barroway Topaz Kessler Meltzer & Check LLP, Bernstein Litowitz Berger & Grossman LLP, Motley Rice LLC, and Grant & Eisenhofer PA should be **appointed** to jointly serve as class counsel.  Chestnut & Cambronne PA, should be **appointed** liaison counsel for purposes of coordinating litigation activities.  Joint counsel should be required to confer and establish a formal leadership structure and formulate a general litigation and task assignment plan to be submitted to the Court prior to the pretrial scheduling conference. In addition, counsel should be required to maintain itemized and detailed time records and to categorize time records chronologically by discrete event/activity rather than by attorney.  If an event or activity takes place for the benefit of the class, the time entry should describe the event

6

or activity, list the names of all persons who participated, the time spent by each person, and the requested billable rate that each person seeks to charge, in accordance with a more detailed order concerning attorney fees to be issued hereafter.  See In re Cont'l Illinois Sec. Litig'n, 572 F.Supp. 931, 933-35 (N.D. Ill. 1983).


Dated:    April 24, 2009



                                        s/Arthur J. Boylan
                                        Arthur J. Boylan
                                        United States Magistrate Judge



        Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before May 8, 2009.

        Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.