**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| MINNEAPOLIS FIREFIGHTER'S RELIEF ASSOCIATION, *individually and on behalf of all others similarly situated*, UNION ASSET MANAGEMENT HOLDING AG, OKLAHOMA FIREFIGHTERS PENSION FUND, CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA, and CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, | Civil No. 08-6324 (PAM/AJB) |
| Plaintiffs, | **ORDER ON MOTIONS TO COMPEL** |
| v. | |
| MEDTRONIC, INC., WILLIAM A. HAWKINS, III, GARY ELLISS, and ARTHUR D. COLLINS, JR., | |
| Defendants. | |

---

Bryan L. Bleichner, Jeffrey D. Bores, and Karl L. Cambronne, **CHESTNUT CAMBRONNE, PA**, 17 Washington Avenue North, Suite 300, Minneapolis, MN 55401-2048, plaintiffs' liaison counsel; Michael D. Blatchley, Salvatore J. Graziano, and Beata Gocyk-Farber, **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**, 1285 Avenue of the Americas, New York, NY 10019; Ramzi Abadou, Jennifer L. Joost, Erik D. Peterson, and Andrew L. Zivitz, **BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**, 280 King of Prussia Road, Radnor, PA 19087; Jeff A. Almeida and Geoffrey C. Jarvis, **GRANT & EISENHOFER PA**,1201 North Market Street, Twenty-first Floor, Wilmington, DE 198011; and James M. Hughes, Gregg. S. Levin, Meghan S.B. Oliver, **MOTLEY RICE LLC**, 28 Bridgeside Boulevard, Mt Pleasant, SC 29464, plaintiffs' class counsel;

Patrick S. Williams, **BRIGGS & MORGAN, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402; Andrew P. Bautista, Wendy Netter Epstein, Emily Nicklin, Joshua Z. Rabinovitz, Sallie G. Smylie, and Helen E. Witt, **KIRKLAND & ELLIS, LLP**, 300 North LaSalle, Chicago, IL 60654 for defendants Medtronic, Inc., William A. Hawkins, III, and Gary Elliss, and Arthur D. Collins, Jr.

Based on the record, memoranda, and oral argument of counsel, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Compel [Docket No. 210] is **DENIED**. The motion as it relates to communications from putative class members is denied as moot, based on agreement between the parties and described in the memorandum below. The motion for plaintiff Union Asset Management Holding AG to run additional search terms is denied without prejudice. The parties are ordered to continue to meet and confer regarding a reasonable resolution to the dispute.

2. Plaintiffs' Motion to Compel [Docket No. 196] is **DENIED** with prejudice, based on agreement of the parties as described in the memorandum below.

3. Plaintiffs' Motion to Compel [Docket No. 200] is **GRANTED** in part, and **DENIED** in part.

    a. The Motion is denied as it regards requests for an alteration of the relevant discovery period from that previously ordered by this Court.

    b. The Motion is denied as it regards production of Bates numbers on documents previously disclosed to the government, based on agreement of the parties and described in the memorandum below.

    c. The Motion is granted as it regards the disclosure of safety promotional material within the relevant time period.

4. The attached memorandum is incorporated herein.

Dated:  September 21, 2011               s/ Arthur J. Boylan

                                          Arthur J. Boylan
                                          Chief United States Magistrate Judge

# **MEMORANDUM**

**I.   INTRODUCTION**

This matter is before the Court on three Motions to compel – two brought by plaintiffs Minneapolis Firefighter's Relief Association, Union Asset Management Holding AG, Oklahoma Firefighters Pension Fund, Carpenters Annuity Trust Fund for Northern California, and Carpenters Pension Trust Fund for Northern California (collectively, "plaintiffs") (Docket Nos. 196, 200); and one brought by defendants Medtronic, Inc., William A. Hawkins, III, Gary Elliss, and Arthur D. Collins, Jr. (collectively, "defendants").  (Docket No. 210.)

The underlying case involves allegations that defendants made materially false and misleading statements and omissions concerning the sale, promotion, and marketing of Medtronic's Infuse Bone Graft product ("Infuse").  In particular, plaintiffs allege that defendants failed to disclose that the strong revenue generated from sales of Infuse was the result of marketing for off-label use, and that when the market learned of this fact, the stock price fell.  Plaintiffs aver that defendants actions were in violation of federal securities law.  Plaintiffs moved to compel discovery on several issues: primarily of sales and marketing material related to the safety profile of Infuse.  Defendants moved to compel discovery related to specific search terms in Union Asset Management Holding AG's ("Union") custodial files and for communications between plaintiffs' counsel and

putative class members. Prior to the motion hearing, the parties met and conferred and settled portions of the motions as presented to the Court. This Order memorializes the agreements between the parties and resolves the remaining disputes.

## II. SETTLED MOTIONS

The parties met and conferred and reported the following agreements regarding issues raised in the Motions before the Court:

1. Plaintiffs' Motion to Compel (Docket No. 196) was settled in its entirety. (See Tr. at 4-6.) The parties agreed to fifty (50) additional search terms of the files related to sales staff, to be chosen by the plaintiffs; twenty-seven (27) additional search terms in Medtronic Inc.'s databases; and twelve (12) custodians who are not a part of the sales division who will be the subject of searches.[1] (*Id.*) The Court therefore dismisses the motion with prejudice in accordance with the terms of the parties' agreement.

2. Defendants agreed to identify the Bates numbers of the documents produced to the government, which disposes of one portion of plaintiffs' Motion to Compel. (Tr. at 5; Docket No. 200.) As a result, the Court dismisses that portion of the motion with prejudice.

3. Defendants withdrew their motion to compel correspondence between plaintiffs' counsel and putative class members (Tr. at 5; Docket No. 210.) The Court, therefore, denies that portion of the motion as moot.

---

[1] The custodians who are not subject to search are Winters, Bob Smith, Musgrave, Randy Ryan, Chris, Lyons, Molly, and Osterly. The agreement to utilize fifty extra search terms for the sales custodians also includes the confidential witnesses discussed in the briefing. (Tr. at 5-6.)

## III. REMAINING MOTIONS

### A. Search Terms

Unresolved in defendants' Motion (Docket No. 210) ia the request to compel Union to run additional search terms after purportedly failing to provide a substantive response to the proposed test allegedly agreed to by the parties. (*See* Mem. in Supp. at 7, Docket No. 212 ("Plaintiffs would use ten of Medtronic's proposed search terms to search their electronic files, would review the documents retrieved by those searches, and would report on the effectiveness of the terms in locating responsive documents.").) Defendants allege that of all the plaintiffs, only Union failed to give such a report, although defendants concede Union did produce numerous documents in response. (*Id.*) The Court determines that defendants' request that Union run an additional sixty-five search terms is overly broad and orders the parties to continue to meet and confer on the issue of the appropriate number and content of search terms. As a result, the Court denies the motion without prejudice.

### B. Safety Information and Timeline

Plaintiffs move to compel defendants to respond to discovery requests that extend beyond the period of discovery involving safety information on the marketing of Infuse. (Docket No. 200.) Plaintiffs made this discovery request in response to an article in *Spine Journal* published in 2011 criticizing Medtronic-sponsored publications on the safety of Infuse. As a result of the issues raised in the article, plaintiffs essentially seek an extension of the time period for discovery beyond that established by this Court in its Protective Order dated December 21, 2010. (*See* Docket No. 167.)

A request to alter a previous order is a motion for reconsideration.[2] A motion to reconsider under Local Rule 7.1(h) is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Requests to file such motions are granted "only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(h). A motion to reconsider should not be employed "to relitigate old issues," but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993) (internal quotation marks omitted) (noting that such a motion is warranted when "evidence has been admitted or excluded improperly, evidence has been newly discovered, or improper actions of counsel have affected the outcome of the case.").

The Court does not find compelling circumstances in the instant case. While the *Spine Journal* article itself may be new evidence, since plaintiffs already moved for and were granted a motion to compel production of documents on this issue from some of the doctors whose publications were criticized by the *Spine Journal* article, its recent publication does not alter the landscape of what plaintiffs knew at the time of the earlier Order. As a result, the Court does not find the circumstances dictate alteration of the relevant discovery time period and declines to so extend as advocated for by plaintiffs.

---

[2] While the motion itself is procedurally improper under the local rules, the Court declines to dismiss on this basis. *See* D. Minn. L.R. 7.1(h) (advising parties that they must request permission of the Court to file a motion to reconsider).