# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA

SALVATORE J. GRAZIANO
(212) 554-1538
Salvatore@blbglaw.com

**FILED AND SERVED IN ACCORDANCE WITH ECF PROCEDURES**

October 26, 2011

The Honorable Paul A. Magnuson
Senior Judge
United States District Court
District of Minnesota
734 Federal Building
316 N. Robert Street
St. Paul, MN 55101

  Re: **Minneapolis Firefighters' Relief Assoc. v. Medtronic, Inc. No. 08-cv-6324 (D. Minn.)**

Dear Judge Magnuson:

  On behalf of Plaintiffs in the above-captioned action, we respectfully submit this letter to request an increase to the 12,000 word limit provided under Local Rule 7.1(d) to 15,500 words so that Plaintiffs may file a reply brief in support of their motion for class certification (ECF No. 171) that is no more than 8,439 words. Plaintiffs believe that such relief is necessary and appropriate here because, among other reasons, Defendants' opposition to Plaintiffs' motion for class certification (ECF No. 192) (i) raises (and indeed relies upon) new facts and legal issues, including declarations from 13 of the confidential witnesses ("CWs") cited in Plaintiffs' Complaint that were not previously provided to Plaintiffs' counsel, (ii) primarily addresses new and novel arguments concerning Lead Counsel's adequacy to represent the Class based on the CW declarations, effectively accusing Plaintiffs' counsel of misleading the Court, and (iii) includes miscellaneous other new arguments, including arguments concerning the Teachers' Retirement System of Oklahoma's adequacy, the standing of certain absent class members, and loss causation.

  Courts in this District have routinely granted requests to increase the word limit under similar facts. *See, e.g., Carlson Mktg. Group, Inc. v. Royal Indem. Co.*, Civ. No. 04-cv-3368, 2006 WL 2917173, at *1 (D. Minn. Oct. 11, 2006) ("As long as National Union sought permission to file an overly long brief before actually filing that overly

1285 AVENUE OF THE AMERICAS • NEW YORK • NY 10019-6028
TELEPHONE: 212-554-1400 • www.blbglaw.com • FACSIMILE: 212-554-1444

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Paul A. Magnuson
October 26, 2011
Page 2

long brief,. . . any reasonable request by National Union to exceed the 12,000-word limit would have been granted."). Indeed, the Court previously granted a similar request from Defendants, who had sought a 5,000-word increase in the word limit for the memoranda they filed in support of their motion to dismiss Plaintiffs' Complaint. See ECF Nos. 69 and 70.[1] Plaintiffs believe that such an extension is especially appropriate here given the fact-intensive nature of the issues raised for the first time by Defendants' opposition, and given the importance of Plaintiffs' motion and its impact on the interests of the Class.

For the reasons stated above, Plaintiffs respectfully request that the Court increase the 12,000-word limit described in Local Rule 7.1(d) to 15,500 words so that Plaintiffs' reply memorandum of law in support of their motion for class certification may consist of up to, but not more than, 8,439 words.

Respectfully submitted,

s/ Salvatore J. Graziano
Salvatore J. Graziano

---

[1] Plaintiffs consented to Defendants' request. Despite Plaintiffs' courtesy, Defendants now oppose Plaintiffs' request for an extension to the word limit. Defendants would only provide their consent to an increase in the word limit so long as Defendants were permitted to file a sur-reply, even though Plaintiffs did not insist on the right to a sur-reply when Defendants requested an extension to the word limit. Plaintiffs do not believe a sur-reply is warranted here, or that there are any good grounds to grant Defendants the "last word" on Plaintiffs' motion. See, e.g., Semler v. Ludeman, No. 09-0732 ADM/SRN, 2010 WL 145275, at *31 (D. Minn. Jan.8, 2010) (denying request for permission to file a sur-reply brief); Marvin Lumber and Cedar Co. v. PPG Indus., Inc., No. CIV. 4-95-739 (DWF/RLE), 2001 WL 228427, at *6 n.3 (D. Minn. Feb. 27, 2001) (same); United HealthCare Ins. Co. v. AdvancePCS, No. CIV. 01-2320(RHK/JMM), 2002 WL 519720, at *2 (D. Minn. Mar. 22, 2002) (noting sur-reply gave defendant the "last word" on motion and rejecting argument regarding denial of request for evidentiary hearing, noting that defendant "did not provide the Court with adequate grounds for making an exception to the Local Rules").