

October 27, 2011

**Patrick S. Williams**
(612) 977-8274
pwilliams@briggs.com

**ELECTRONIC FILING**

The Honorable Paul A. Magnuson
United States District Court
730 Federal Building
316 North Robert Street
St Paul, MN 55101-1461

    Re:    Minneapolis Firefighters' Relief Association v. Medtronic, Inc., et al.
             Court File Number: 0:08-cv-06324 (PAM-AJB)

Dear Judge Magnuson:

      We write in response to plaintiffs' October 26, 2011 letter (Docket # 245) requesting an increase of 3,500 words to the word limit provided under Local Rule 7.1(d), so that plaintiffs may file a reply brief up to 8,439 words in support of their motion for class certification.

      As Your Honor is aware, Local Rule 7.1(d) permits each side 12,000 words for briefing a motion, thus embodying the principle that both sides to a motion are allowed equal opportunity for briefing. If plaintiffs receive an additional 3,500 words, consistent with the intent of Local Rule 7.1(d) that the parties be on equal footing, defendants should be granted a reciprocal amount in a surreply. It is not a matter of granting defendants the "last word," as plaintiffs posit, but rather giving defendants the opportunity for equal briefing embodied in the Local Rules.

      Plaintiffs claim that they deserve an extension because defendants' opposition brief relies upon "new and novel arguments concerning Lead Counsel's adequacy to represent the Class" and "miscellaneous other new arguments" concerning another lead plaintiff's adequacy. Of course, the adequacy of both Lead Counsel and a named plaintiff to represent the interests of the putative class is one of the requisite elements of class certification, one upon which plaintiffs bear the burden, and one which plaintiffs could reasonably anticipate defendants would address in their opposition brief. To the extent that plaintiffs believe their brief will be addressing new legal issues not addressed in their opening brief, there is good reason to grant defendants an opportunity to address any such issues in a surreply. *See Bakas v. Ameriprise Fin. Servs., Inc.*, Civ. No. 09-1263 (D. Minn. Aug. 24, 2009) (granting surreply to address new arguments first raised in reply brief).

      Plaintiffs' contention that defendants were permitted a word extension for their memoranda in support of the motion to dismiss does not support plaintiffs' request here that the

Briggs and Morgan, Professional Association
Minneapolis I St. Paul I www.briggs.com
Member - Lex Mundi, a Global Association of Independent Law Firms

BRIGGS AND MORGAN

The Honorable Paul A. Magnuson
October 27, 2011
Page 2


Court grant them an extension but deny a reciprocal extension for defendants. . Plaintiffs fail to mention that on the motion to dismiss briefing, defendants sought an additional 5,000 words *before* filing their opening brief. Plaintiffs had the opportunity to request a reciprocal extension for their opposition brief -- a request to which Medtronic would have consented -- but plaintiffs chose not to do so. That situation is unlike here, where plaintiffs are seeking an extension *after* defendants have filed their opposition brief. Defendants relied on the 12,000 word limit of Local Rule 12(c), streamlined their arguments, and chose not to assert other arguments, in order to fit their brief within the 12,000 word limit. (Defendants' opposition brief is 11,233 words.) Allowing plaintiffs an after-the-fact enlargement, without a reciprocal enlargement to defendants, would unfairly prejudice defendants on this motion.

For these reasons, defendants do not oppose plaintiffs' request to be granted an additional 3,500 words for their reply brief but only if a reciprocal extension is granted to defendants to file a surreply brief of up to 3,500 words.

        Respectfully,

        s/ Patrick S. Williams
        Patrick S. Williams


PSW/npw
cc:    Karl Cambronne