# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., *et al.*,<br><br>                    Defendants. | Civil No. 0:08-cv-06324-PAM-AJB |

## DECLARATION OF RAMZI ABADOU

I, Ramzi Abadou, hereby declare as follows:

1.      I am a partner in the law firm of Kessler Topaz Meltzer & Check LLP, and am one of the counsel for the Plaintiffs in this matter.

2.      I have been practicing in the field of securities class action litigation for approximately 10 years and have litigated dozens of such cases.  In those 10 years, I have never been accused of misconduct, have enjoyed good working relationships with my colleagues in the defense bar and have always taken my ethical responsibilities to my adversaries, the courts (and their staff) solemnly.

3.      Plaintiffs filed their motion for class certification on January 14, 2011. Under the Court-Ordered schedule in place at the time, Defendants were to file their opposition to Plaintiffs' motion for class certification on February 15, 2011 (ECF # 99).

4.      In or about the week of January 19, 2011, Defendants' counsel contacted Plaintiffs' counsel to request a modification of the case schedule, including an adjournment of the date that Defendants were to file their opposition to class certification. Emily Nicklin, counsel for Defendants, informed us that an extension of the schedule was necessary because, among other reasons, Defendants needed time to schedule and conduct depositions of Lead Plaintiffs, the parties had not yet agreed upon the search terms and custodians to be used in Lead Plaintiffs' search for responsive documents, and Defendants had contemplated filing a motion seeking discovery of Plaintiffs' counsel's communications with absent class member clients.  Defense counsel never deposed a single Lead Plaintiff.  Following a discussion between counsel for Plaintiffs and Defendants, the parties agreed to a revised schedule (which was ultimately approved by

the Court) that provided that Defendants would file a brief opposing class certification by
June 15, 2011.  (ECF #178).

5.      At no time during our negotiation of the revised schedule did Ms. Nicklin
or any other attorney for Defendants inform me or my co-counsel that they had intended
to conduct interviews with the confidential witnesses ("CWs") cited in Plaintiffs'
Amended Complaint (ECF #68).  In fact, during the parties' numerous meet and confers
over the next several months following the entry of the revised schedule, Defendants'
counsel told Plaintiffs that the CWs were *irrelevant* to this case and refused Plaintiffs'
repeated requests that Medtronic produce documents contained in the CWs' files.

6.      On or about May 9, 2011, Emily Nicklin contacted Plaintiffs' counsel to
request another 60-day extension to file Defendants' opposition to Plaintiffs' motion for
class certification.  At the time, Ms. Nicklin explained that the additional extension was
needed for Defendants to prepare and depose Chad Coffman, Plaintiffs' expert on market
efficiency and loss causation.  Defendants never deposed Mr. Coffman.  At no time
during the extensive discussions on the second extension of the schedule did Medtronic's
counsel inform me or my co-counsel that they were in the process of interviewing and
obtaining declarations from the CWs or that they had contemplated raising issues relating
to Lead Counsel's candor with the Court, even though Plaintiffs' counsel had asked Ms.
Nicklin if there were any other reasons for her requested extension of time.  As a matter
of professional courtesy, we provided the extension Ms. Nicklin requested.

7.      In the course of prosecuting this case, the parties have exchanged letters
following the numerous meet and confers regarding discovery matters that purport to

2

summarize those discussions.  In several instances, the accounts of those summaries have been disputed by the opposing party, and I have on a number of occasions personally and strongly disagreed with opposing counsel's purported summaries of those meetings. While I have sought to vigorously represent Plaintiffs in this action, I have not responded to every single argument or point opposing counsel has made in a letter with which I disagreed.  I participated in the October 29, 2010 meet and confer with Defendants' counsel, and do not believe Salvatore J. Graziano made the statement attributed to him in Joshua Rabinovitz's declaration that "each" CW was "concerned about being blackballed."  That I did not thereafter respond in writing to Andrew Paul Batista's November 19, 2010 letter concerning the October 29, 2010 meet and confer was not intended by me to be an admission of the accuracy of the purported representation attributed to Mr. Graziano that "all the witnesses" requested confidentiality, or an acknowledgement of the accuracy of any of the other of the numerous subjects addressed in that letter.

8.   Plaintiffs' counsel has sought to prosecute this action in the most cost-efficient manner possible, consistent with our ethical obligations to vigorously represent the interests of the Class.  Not only have Plaintiffs' counsel been mindful of the Court's Order and our clients' desire to avoid unnecessary costs, we have an economic incentive to do so given the contingency fee arrangements in this case that provide that the Plaintiffs' counsel's expenditures will only be reimbursed, if at all, at the conclusion of the action by verdict or settlement, and only after the terms of any such recovery are approved by the Court.  To that end, Plaintiffs' counsel have divided work among each

firm, as well as individual attorneys at those firms, including assigning specific

responsibility for particular tasks and/or subject areas.  Those assignments are reviewed

by Plaintiffs' Counsel on a weekly basis to avoid duplication of effort and to ensure the

efficient prosecution of this action.  Plaintiffs' counsel have also ensured that attorney

participation on the numerous meet and confers between the parties has been appropriate,

and that Plaintiffs' counsel participate only when doing so is necessary or prudent.

I declare under penalty of perjury that the foregoing is true and correct.  Executed

on November 2, 2011.

Ramzi Abadou