UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minneapolis Firefighter's Relief,<br>Association, et al., | Civil No. 08-6324 PAM/AJB |
| Plaintiffs, | **ORDER ON MOTION TO COMPEL<br>SUBPOENA PRODUCTION BY<br>CONFIDENTIAL WITNESS** |
| v. | |
| Medtronic, Inc., et al., | |
| Defendants. | |

This action is before the court, Chief Magistrate Judge Arthur J. Boylan, on plaintiffs' Motion to Compel the Production of Documents withheld by Confidential Witness 2 under the Fifth Amendment Privilege [Docket No. 270].  The motion seeks discovery of eight documents referenced on a witness privilege log produced in response to a document subpoena served upon an individual identified as Confidential Witness No. 2.  The witness asserted a Fifth Amendment right against criminal self-incrimination in refusing to produced the specified materials.  Hearing on the motion was held on December 8, 2011, at the U.S. Courthouse, 316 No. Robert St., St. Paul, Minnesota  55101.  Plaintiffs were represented by Ramzi Abadou, Esq., and Karl Cambronne, Esq.  The confidential witness was represented by William H. Kettlewell, Esq., and Steve Gaskins, Esq.  Defendants took no position on the motion.

Based upon the file and record in this matter, including memorandums, declarations, and arguments of counsel, the magistrate judge makes the following:

**ORDER**

1. Plaintiffs' Motion to Compel the Production of Documents withheld by Confidential Witness 2 under the Fifth Amendment Privilege is **granted in part and moot in**

**part** as further provided herein [Docket No. 270].

2. Plaintiffs' motion for production of five documents designated as privileged by confidential witness 2, identified by document numbers MBINE08467-MBINE08507, MBINE08519-MBINE08542, MBINE08546-MBINE08623, MBINE08543-MBINE08545, and MBINE08624-MBINE08662, is **moot**. The court and counsel are advised that the materials have been produced to the plaintiff from an alternative source and production by Confidential Witness 2 is not necessary for purposes of determining the content of the documents. The witness may either produce the materials as identified by document numbers provided in his privilege log or, alternatively, may provide corresponding identification numbers for materials previously produced by the defendant. The court does not hereby conclude that the witness is producing the materials to the plaintiffs, and the witness is not herein required to acknowledge production of the materials to the plaintiffs pursuant to the subpoena.

3. Plaintiffs' motion for production of three documents withheld by confidential witness 2 on the basis of the Fifth Amendment privilege, identified by document numbers MBINE08508-MBINE08518, MBINE08331-MBINE08466, and MBINE08663-MBINE08798, is **granted**.

Dated:     December 30, 2011

                                        s/Arthur J. Boylan
                                        Arthur J. Boylan
                                        United States Chief Magistrate Judge

**MEMORANDUM**

Confidential witness 2 is a former Medtronic employee who was involved in marketing INFUSE, a Medtronic product.[1]  Plaintiffs served the witness with a subpoena which included a request for production of documents concerning Medtronic's marketing, promotion or sale of INFUSE and off-label uses of INFUSE.[2]  In response to the document production request the witness provided a privilege log in which he asserted the Fifth Amendment right to protect himself from self-incrimination as a basis for refusing to produce eight designated documents.  Plaintiffs brought this motion for document disclosure, arguing that the witness should not be permitted to assert the Fifth Amendment to preclude production under the circumstances presented in this case.  Plaintiffs also contend that the Fifth Amendment does not apply in any event, because the witness is seeking to withhold corporate materials.  In addition, an individual who produces corporate materials is not thereby making a testimonial communication which might be entitled to Fifth Amendment protection.  The witness argues that the act of producing the materials may be construed to be testimonial because he would not be producing the documents in a corporate representative capacity.

The collective entity rule provides:

"Normally a corporate representative or agent cannot claim a *fifth amendment* privilege against producing corporate documents, regardless of whether they contain information incriminating him [or her] or were written by him [or her], and regardless of whether the corporation is large or small.  The reason for this is that the corporation itself has no *fifth amendment* privilege, and the only way to prevent the corporation from shielding its records from a

---

[1] The witness describes his position as "product manager . . . not a sales representative.  Rather, I was responsible for developing marketing materials and marketing strategies for various biologic products, including Infuse."  Decl. of Salvatore J. Graziano, Ex. 1, ¶ 4.

[2] Decl. of Salvatore J. Graziano, Ex. 2, page 10.

>subpoena is to prevent individual corporate representatives from exercising such a privilege with respect to corporate records."

In Re Grand Jury Subpoena, 784 F.2d 857, 861 (1986) (quoting In re Two Grand Jury Subpoenae Duces Tecum, 769 F.2d 52, 56 (2d Cir. 1985) (additional citations omitted).

The witness contends that as a former employee of Medtronic he is no longer an agent of the company or a custodian of corporate records, and his production of the documents must therefore be in an individual capacity and would permit the inference that he contributed to authorship of the documents. Though the subpoena itself broadly asks for all documents concerning Medtronic's products and the witness' communications with Medtronic, particularly with respect to INFUSE, the subpoena does not expressly limit the requested production to corporate materials. However, in opposing production the witness makes no claim that he possessed the documents in a personal or individual capacity or that the documents are not in fact corporate materials, and he has not claimed authorship, either in whole or in part.[3]

Based upon its review of the documents submitted for *in camera* review, and in consideration of the nature, content, and privilege log descriptions of the materials, the court is persuaded that all of the submitted documents, with perhaps one possible exception discussed below, are corporate documents. As to the five documents were otherwise produced by Medtronic, their non-privileged status as corporate documents is thereby confirmed. The court finds that with respect to application of the Fifth Amendment in the context that it is being advocated here, it is of no consequence that the witness is no longer employed by the corporation where he properly came into possession of the documents while serving as an employee and/or

---

[3] The privilege log states that the author of each of the listed documents is unknown. Decl. of Salvatore J. Graziano, Ex. 3, Tab A.

agent of the company.

Similarly, with respect to the three documents may not have been available to the plaintiffs through an alternative source, the witness does not claim possession in a personal capacity and upon examination the court is persuaded that two of the documents (actually two copies of the same document titled "Spine Fusions") are clearly corporate PowerPoint presentations that are not privileged. The third document (Bone Graft Technique) is one whose purpose and significance is somewhat less obvious. The privilege log describes it as a PowerPoint presentation, but it contains no direct references to Medtronic or INFUSE and is not embellished by graphic art, photos, or x-rays. It is identified in the privilege log simply as a PowerPoint presentation of unknown authorship.

Based upon content and context it can be reasonably inferred that the Bone Graft Technique document, though it appears to be an early draft or outline of a potential PowerPoint project, is likewise a corporate document that is not subject to Fifth Amendment protection. Furthermore, in light of the witness' Declaration,[4] submitted in support of Medtronic's opposition to class certification, in which the witness denies that Medtronic promoted off-label use of INFUSE[5] and states that he did not recall any company-approved marketing materials that recommended off-label use of INFUSE,[6] the court finds that the witness has waived his Fifth Amendment rights to the extent that he seeks to apply those rights to PowerPoint materials listed in the privilege log. In essence, the Declaration is a prior statement that may not fully express

---

[4] Decl. of Salvatore J. Graziano, Ex. 1.

[5] Id., ¶ 8.

[6] Id., ¶ 4.

the witness' knowledge of the subject, likely leading to distortion of the facts.[7]  Also, the witness had reason to know that his Declaration would be construed as a waiver of his Fifth Amendment privilege after having provided information and obtaining immunity in grand jury proceedings in the District of Massachusetts.[8]  See  United States v. Singer, 785 F.2d 228, 241 (8th Cir. 1985).  See also In re Blan, 239 F.R. 385, 393-96.  The objections to document disclosures by confidential witness 2, on Fifth Amendment grounds, are overruled, and production of the privilege log materials is required as provided herein.

---

[7] If the privilege log documents do indeed tend to link the witness to the promotion of off-label use of INFUSE, as the Fifth Amendment invocation would suggest, that representation would seem to conflict with his Declaration statements.

[8] Decl. of Salvatore J. Graziano, Ex. 3, pp. 5-6.