UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Minneapolis Firefighters' Relief   Civil No. 08-6324 (PAM/AJB)
Association, et al.,

                Plaintiffs,

v.   **ORDER**

Medtronic, Inc., et al.,

                Defendants.

---

In the Order granting the Motion for Class Certification, the Court deferred ruling on the appointment of class counsel under Fed. R. Civ. P. 26(g), and ordered Plaintiffs' counsel to submit a litigation management plan to the Court. Counsel submitted a plan to the Court (Docket No. 301.) After reviewing the plan, the Court concludes that the litigation management plan Plaintiffs' counsel proposes, and the consequent division of labor that plan will entail, does not sufficiently allow for the participation of local counsel in this matter, as required by Local Rule 83.5(d). The Court will therefore adopt the proposed plan in part and amend it in part, as more fully set forth below.

Rule 23(g) requires the Court to appoint class counsel if a class is certified and sets forth several factors the Court is required to and allowed to consider in making that appointment. The Court must consider putative class counsel's work, experience, knowledge, and resources, and also whether counsel will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1), (4).

All of the law firms seeking the class counsel designation are out-of-state law firms: Kessler Topaz Meltzer & Check, LLP, of San Francisco; Bernstein Litowitz Berger & Grossman, LLP, of New York City; Grant & Eisenhofer P.A. of Wilmington, Delaware; and Motley Rice LLC of Mt. Pleasant, South Carolina. The District of Minnesota Local Rules require that nonresident attorneys "must associate with an active member of the court's bar . . . who <u>must</u> [] participate in the preparation and presentation of the case." D. Minn. L. R. 83.5(d)(1)(A) (emphasis added). Plaintiffs' counsel have attempted to comply with this requirement by associating with Karl Cambronne, Esq., of Chestnut & Cambronne PA, as liaison counsel, but their proposed litigation management plan and division of labor provides no meaningful role for Mr. Cambronne, aside from "participating in court appearances, including participating in discussions in court concerning discovery and other matters . . ." and other nominal roles. (Pls.' Leadership Structure and Gen. Litig. Mgmt. Plan (Docket No. 301) at 6.) This is not the role the Local Rules envision for associated resident attorneys.

The proposed litigation management plan details the individuals who will make litigation decisions on behalf of the individual Lead Plaintiffs, and further designates an attorney at each law firm in the class counsel group who is designated to speak on behalf of his or her firm. However, there is no single individual or firm charged with overseeing all work and communicating with the Court and with opposing counsel regarding the progress of this litigation. The lack of a clear litigation leader is likely to result in inefficiencies and duplication of efforts, despite counsels' best efforts to avoid such duplication.

The Court concludes from the submissions, as well as from counsel's prosecution of the Motion for Class Certification, that putative class counsel are knowledgeable, experienced, and have the resources to commit to representing the class. Counsel have worked to identify and investigate potential claims, and will fairly and adequately represent the interests of the class. The Court therefore finds that the requirements of Rule 23(g) are satisfied, and grants Plaintiffs' request for the appointment of class and liaison counsel, with one exception: the Court will appoint Karl Cambronne, Esq., and Chestnut & Cambronne PA to be Lead and Liaison Counsel of the Plaintiffs' class counsel group. Mr. Cambronne has significant experience in prosecuting cases such as this; Plaintiffs' case can only benefit from his active involvement with the litigation.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Karl Cambronne and Chestnut & Cambronne PA, are hereby **APPOINTED** Lead and Liaison Counsel for purposes of coordinating litigation activities and, as required by Local Rule 83.5(d), to directly participate in the preparation and presentation of this case;

2. The laws firms of Kessler Topaz Meltzer & Check, LLP, Bernstein Litowitz Berger & Grossman LLP, Motley Rice LLC, and Grant & Eisenhofer PA are hereby **APPOINTED** to jointly serve as class counsel, along with Chestnut & Cambronne PA; and

3. With the exceptions noted above, the proposed litigation management plan (Docket No. 301) is **APPROVED**.

Dated: <u>January 18, 2012</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
