**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION, | Civil No. 08-6324 (PAM/AJB) |
| Plaintiffs, | |
| v. | |
| MEDTRONIC, INC., *et al.*, | |
| Defendants. | |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement (the "Stipulation") is entered into by and among the Teachers' Retirement System of Oklahoma, Oklahoma Firefighters Pension Fund, Union Asset Management Holding AG, and Danske Invest Management A/S, Lead Plaintiffs in the above-captioned consolidated class action (the "Action"), on behalf of themselves and the Class (as hereinafter defined) and Defendants Medtronic, Inc. ("Medtronic" or the "Company"), Arthur D. Collins, William A. Hawkins and Gary L. Ellis (together, the "Individual Defendants"; and together with Medtronic, the "Defendants"; and together with Lead Plaintiffs, the "Parties"), by and through their respective counsel, is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure, and is subject to approval of the Court.[1]  Subject to the terms and conditions set forth herein and approval by the Court, the Settlement is intended to settle and release all claims that were asserted in the Action against Defendants.

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in paragraph 1 herein.

WHEREAS:

A.    Based upon their investigation and prosecution of the Action over an almost four-year period of time, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Class, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of this matter along with the input of Lead Counsel, Lead Plaintiffs have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that Lead Plaintiffs and the other members of the Class will receive from the resolution of the Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.  This Stipulation shall not be construed or deemed to be a concession by Lead Plaintiffs of any infirmity in the claims asserted in the Action.

B.    Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed as or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have asserted.  Defendants expressly deny that Lead Plaintiffs have asserted a valid claim as to any of them and deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

C.    The Parties recognize, however, that the litigation has been filed and prosecuted by Lead Plaintiffs in good faith and defended by Defendants in good faith, that the litigation is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

2

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs and Defendants, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement, that all Settled Claims as against the Released Parties and all Released Parties' Claims shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the following meanings:

(a)      "Action" means *Minneapolis Firefighters' Relief Association v. Medtronic, Inc., et al.*, Civil No. 08-6324 (PAM/AJB).

(b)      "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator, in accordance with the requirements established by the Court, that is approved for payment from the Net Settlement Fund.

(c)      "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(d)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Class Member must complete in order for that Claimant or Class Member to be eligible to share in a distribution of the Net Settlement Fund.

(e)    "Claimant" means a person or entity that submits a Claim Form to the Claims Administrator seeking to share in the proceeds of the Settlement Fund.

(f)    "Claims Administrator" means the firm retained by Lead Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(g)    "Class" means all persons or entities who purchased or otherwise acquired Medtronic common stock during the class period, from November 20, 2006 through November 17, 2008, and who were damaged thereby.  Excluded from the Class are (i) Defendants; (ii) members of the Immediate Family of each of the Individual Defendants; (iii) any person who was a Section 16 officer and/or Medtronic board member during the Class Period; (iv) any subsidiary of Medtronic; (v) any firm, trust, corporation or entity in which any Defendant has a Controlling Interest; and (vi) the legal representatives, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Class are any persons or entities who exclude themselves by filing a request for exclusion that is accepted by the Court.

(h)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)    "Class Member" means a person or entity that is a member of the Class and does not exclude himself, herself or itself by filing a request for exclusion that is accepted by the Court.

(j)    "Class Period" means the period from November 20, 2006 through and including November 17, 2008.

(k)     "Complaint" means the Consolidated Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiffs in the Action on August 21, 2009 (Dkt. #68).

(l)     "Controlling Interest" means a Defendant shall be deemed to have a "controlling interest" in an entity, (i) if such Defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock, or more than 50% of the partnership or other ownership interests, of such entity, (ii) if the entity is a trust, if such Defendant is the settlor of the trust, is a beneficiary of the trust, has the power to designate or remove beneficiaries of the trust, or has the power to direct distribution of the proceeds of the trust.  Notwithstanding anything in this paragraph (l) to the contrary, no Defendant shall be considered to have a Controlling Interest in any trust established by Medtronic, Inc. (or its subsidiaries) that is intended to be a "qualified trust" within the meaning of Section 401(a) of the Internal Revenue Code.

(m)     "Court" means the United States District Court for the District of Minnesota.

(n)     "Defendants" means Medtronic, Inc., Arthur D. Collins, William A. Hawkins and Gary L Ellis.

(o)     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 28 of the Stipulation have been met and have occurred.

(p)     "Escrow Account" means an account maintained at Valley National Bank to hold the Settlement Fund, which account, subject to the Court's supervisory authority, shall be under the control of Lead Counsel.

(q)     "Escrow Agent" means Valley National Bank.

(r)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)    "Final," with respect to any order or judgment, including the Judgment means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Civil Procedure, i.e., thirty (30) days after entry of the order or judgment; or (ii) if there is an appeal from the order or judgment, the date of (a) final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise to review the order or judgment, or (b) the date the order or judgment is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review of the order or judgment, and, if certiorari or other form of review is granted, the date of final affirmance of the order or judgment following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation, shall not in any way delay or preclude the Judgment from becoming Final.

(t)    "Immediate Family" means an individual's spouse, parents, siblings, children, grandparents, grandchildren; the spouses of his or her parents, siblings and children; and the parents and siblings of his or her spouse, and includes step and adoptive relationships.  In this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic partnership or civil union.

(u)    "Individual Defendants" means Arthur D. Collins, William A. Hawkins, and Gary L. Ellis.

(v)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B (or such other final judgment that is acceptable to Medtronic and Lead Plaintiffs), to be entered pursuant to the Federal Rules of Civil Procedure.

(w)    "Lead Counsel" means collectively the law firms of Bernstein Litowitz Berger & Grossmann LLP, Kessler Topaz Meltzer & Check, LLP (f/k/a/ Barroway Topaz Kessler Meltzer & Check, LLP), Grant & Eisenhofer, P.A., Motley Rice LLC, and Chestnut Cambronne PA.

(x)    "Lead Plaintiffs" means the Teachers' Retirement System of Oklahoma, Oklahoma Firefighters Pension Fund, Union Asset Management Holding AG, and Danske Invest Management A/S.

(y)    "Litigation Expenses" means costs and expenses incurred in connection with commencing and prosecuting the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Class), for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(z)    "Medtronic" or the "Company" means Medtronic, Inc.

(aa)    "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(bb)    "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be sent to members of the Class.

(cc)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with (i) providing notice to the Class; and (ii) administering the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(dd)    "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Class.

(ee)    "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Class in the Action.

(ff)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(gg)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing notice be provided to the Class.

(hh)    "Released Parties" means Defendants, their past or present directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees and/or administrators.

(ii)    "Released Parties' Claims" means all claims, rights and causes of action of every nature and description, whether based in law or in equity, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants, except for claims relating to the enforcement of the settlement.

8

(jj)   "Settled Claims" means all claims, rights and causes of action of every nature and description whether based in law or in equity, whether known or unknown, whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Class (i) asserted in the Consolidated Class Action Complaint dated August 21, 2009 (the "Complaint"), or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, disclosures, statements, acts, matters or occurrences, representations or omissions, or any disclosures (or absence of disclosures) by Medtronic or any of its past or present officers, directors, employees, consultants or agents or failure to act set forth or referred to or which could have been referred to in the Complaint, arising out of or relating to the purchase or acquisition of Medtronic common stock during the Class Period.

(kk)   "Settlement" means the proposed settlement as set forth in this Stipulation.

(ll)   "Settlement Amount" means the sum of eighty-five million dollars ($85,000,000) in cash.

(mm)   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(nn)   "Settlement Hearing" means the hearing to be set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(oo)   "Summary Notice" means the Summary Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

9

(pp)    "Taxes" means: (i) all federal, state and/or local taxes of any kind on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(qq)    "Unknown Claims" means any Settled Claims which Lead Plaintiffs or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Parties' Claims which any Released Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Settled Claims and Released Parties' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and each of the Defendants acknowledge, and each of the other Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

10

### PRELIMINARY APPROVAL OF SETTLEMENT

2.      Lead Plaintiffs will move for preliminary approval of the Settlement, which motion shall be unopposed by Defendants.  In connection with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

### RELEASE OF CLAIMS

3.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against Defendants, and shall fully and finally release any and all Settled Claims as against all Released Parties and shall also release any and all Released Parties' Claims as against Lead Plaintiffs and Lead Counsel, all other plaintiffs in the cases consolidated in the Action, their respective attorneys, and any other Class Members with respect to the institution, prosecution or settlement of the claims against Defendants.

4.      Pursuant to the Judgment, upon the Effective Date, Lead Plaintiffs and each of the other members of the Class on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, will fully and finally release, to the fullest extent that the law permits their release in this Action, as against the Defendants, their past and/or present directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees, and/or administrators, all Settled Claims.

5.      Pursuant to the Judgment, upon the Effective Date, the Defendants and each of the other Released Parties on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, will fully and finally release as against all plaintiffs in the consolidated action and any other Class Member, and their respective past and/or present

11

directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees, and/or administrators, all Released Parties' Claims.

## THE SETTLEMENT CONSIDERATION

6.    In consideration of the Settlement of the Settled Claims against Defendants and the other Released Parties, Medtronic shall pay eighty-five million dollars ($85,000,000) in cash, such amount to be deposited into the Escrow Account within twenty (20) calendar days of entry of the Preliminary Approval Order.

## USE OF SETTLEMENT FUND

7.    The Settlement Fund shall be used to pay: (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided below.

8.    The Net Settlement Fund shall be distributed to Authorized Claimants as provided herein.  Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances of less than $250,000 may be invested in an account that is fully insured by the United States Government or any agency thereof including the FDIC.  In the event

12

that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in a non-interest bearing account that is fully insured by the United States Government or any agency thereof including the FDIC.

9.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and in all events shall reflect that all taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided below.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Upon written request, Defendants will provide promptly to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

10.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement,

and without prior Order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

11.    This is not a claims-made settlement.  Upon the occurrence of the Effective Date, neither Defendants, nor any other person or entity who or which paid any portion of the Settlement Amount on Defendants' behalf, shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

12.    The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Except as otherwise provided herein, the Released Parties shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such administration.  Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim to those members of the Class at the address of each such person or entity as set forth in the records of Medtronic's transfer agent(s), or who otherwise may be identified by Lead Counsel through further reasonable effort.  Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.  For the purpose of identifying and providing notice to the Class, within seven (7) business days of the date of entry of the Preliminary Approval Order, Medtronic shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims

14

Administrator) a list based on its shareholder records of the persons and entities who purchased or acquired Medtronic common stock during the Class Period (consisting of security holder names and addresses), in electronic form.

13.    Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to the beneficial owners of Medtronic common stock, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted Claims, and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants or to any other person or entity who or which paid any portion of the Settlement Amount on their behalf.

## **ATTORNEYS' FEES AND LITIGATION EXPENSES**

14.    Lead Counsel collectively will apply to the Court for an award of attorneys' fees to Plaintiffs' Counsel not to exceed 25% of the Settlement Fund.  Lead Counsel collectively also will apply to the Court for reimbursement of Litigation Expenses.  No Defendant nor any other Released Party shall take any position with respect to Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses.  Such matters are not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

15.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel from the Settlement Fund within five (5) business days of award,

notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to refund to the Settlement Fund, any amounts paid plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reversed, or to make the appropriate refund if the award is reduced. Plaintiffs' Counsel shall make the refund in full no later than thirty (30) days after receiving from Defendant Medtronic or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of this Stipulation. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

16.    Lead Counsel collectively shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the prosecution and settlement of the Action.

<u>**CLAIMS ADMINISTRATOR**</u>

17.    The Claims Administrator shall administer the process of receiving, reviewing and approving or denying claims under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Medtronic's obligation to provide its shareholder records as provided herein, none of the Defendants shall have any responsibility whatsoever for the administration of the Settlement or the claims process and shall have no liability whatsoever to

16

any person, including, but not limited to, Lead Plaintiffs, any other Class Members or Lead Counsel in connection with such administration.

18.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

19.    The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action.  No Defendant nor any other Released Party shall have any involvement in or responsibility or liability whatsoever for the Plan of Allocation or the allocation of the Net Settlement Fund.

20.    Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Party concerning any Settled Claim.

21.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund.  No Defendant nor any other

Released Party shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. No Defendant nor any other Released Party shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

22.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.    Each Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Order of the Court. Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Settled Claim. Provided that it is received before the motion for the Class Distribution Order is filed, a Claim Form shall be deemed to be

18

submitted when mailed, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

c.      Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

d.      Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

e.      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute

19

concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

f.    The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the Court, on notice to Defendants, for approval by the Court in the Class Distribution Order.

23.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claim Forms.

24.    Lead Counsel will apply to the Court, on notice to Defendants, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account, and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

25.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members.  All Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the releases provided for therein, and will be

permanently barred and enjoined from bringing any action against any and all Released Parties concerning any and all of the Settled Claims.

26.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## TERMS OF THE JUDGMENT

27.     If the Settlement contemplated by this Stipulation is approved by the Court, the Parties shall request that the Court enter a Judgment, substantially in the form annexed hereto as Exhibit B, pursuant to the Federal Rules of Civil Procedure.

## CONDITIONS OF SETTLEMENT AND EFFECT OF TERMINATION

28.     The Effective Date of the Stipulation shall be conditioned on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A annexed hereto;

(b)     the Settlement Amount has been deposited in the Escrow Account in accordance with the provisions of ¶ 6 hereof;

(c)     Defendants have not exercised their right to terminate the Stipulation pursuant to ¶¶ 29 or 30 hereof;

(d)     Lead Plaintiffs have not exercised their right to terminate the Stipulation pursuant to ¶ 29; and

(e)    the Court has entered a Judgment, substantially in the form set forth in Exhibit B annexed hereto (or such other judgment that is acceptable to Defendants and Lead Plaintiffs), and the Judgment has become Final.

29.    Defendant Medtronic and Lead Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other parties to this Stipulation within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Stipulation or any part of it that materially affects any party's rights or obligations hereunder; (c) the Court's declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.  However, any decision with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of the Judgment, and shall not be grounds for termination.

30.    In addition to the grounds set forth in ¶ 29, Defendant Medtronic shall have the option to terminate the Settlement and this Stipulation in the event that Class Members requesting exclusion from the Class meet the conditions set forth in a confidential supplemental agreement between the Parties that is being executed concurrently with this Stipulation (the "Supplemental Agreement").  The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice) unless and until the Court requires the Parties to file the Supplemental Agreement or disclose its terms or a dispute arises between Lead Plaintiffs and Defendants concerning its interpretation or application.  If submission of the Supplemental Agreement is required for

resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Supplemental Agreement submitted to the court *in camera*.

31.     Except as otherwise provided herein, in the event that the Settlement is terminated, the Settlement and this Stipulation shall be null and void, and without prejudice, and none of their terms shall be effective or enforceable and the fact of the Settlement shall not be admissible in any trial of this Action, and the Parties shall be deemed to have reverted to their respective status in this Action immediately prior to March 28, 2012 and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement consideration previously paid or caused to be paid by Defendants, together with any interest earned thereon, less any Taxes paid or due with respect to such income, and less any Notice and Administration Costs actually incurred and paid or payable, shall be returned to Medtronic within fifteen (15) business days after joint written notification of such event by the Parties to the Escrow Agent pursuant to the terms of the Escrow Agreement.  In the event the Settlement is terminated the Parties must provide the joint notification described in the preceding sentence.

<u>**NO ADMISSION OF WRONGDOING**</u>

32.     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

a.     shall not be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted against any of the

Released Parties in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties;

        b.     shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against any of the Lead Plaintiffs or any other Class Members as evidence of any infirmity in the claims of Lead Plaintiffs or the other Class Members;

        c.     shall not be offered or received against any of the Released Parties, or against any of the Lead Plaintiffs or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Parties, or against any of the Lead Plaintiffs or any other Class Members in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants, any other Released Parties, Lead Plaintiffs and the other Class Members may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

        d.     shall not be construed against any of the Released Parties, any of the Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

        e.     shall not be construed against any of the Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that any of their claims are without merit

or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

## MISCELLANEOUS PROVISIONS

33.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

34.     Each of the Defendants warrants that, as to the payments made or to be made by or on behalf of him or it, at the time of entering into this Stipulation and at the time of such payment, he or it was not insolvent, nor will the payment required to be made by or on behalf of him or it render him or it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

35.     If a case is commenced in respect of any of the Defendants or any other person or entity contributing funds to the Settlement Fund on behalf of Defendants under Title 11 of the United States Code (Bankruptcy), or if a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of Defendants and the other Released Parties pursuant to this Stipulation, which releases and Judgment, shall be null and void, and the parties shall be restored to their respective

positions in the Action immediately prior to March 28, 2012, and any cash amounts in the Settlement Fund shall be returned as provided in ¶ 31 above.

36.     The Parties intend this Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Lead Plaintiffs, any other Class Members and their attorneys against all Released Parties with respect to all Settled Claims.  Accordingly, Lead Plaintiffs and their counsel and each Defendant and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiffs or defended by Defendants in bad faith.  The Parties shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of this Action.  The Parties agree that the amount paid and the other terms of this Settlement were negotiated at arm's-length in good faith by the Parties, including at a mediation conducted by the Magistrate Judge for the Action, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

37.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants, including their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith nor will they deny that the Action was commenced and prosecuted in good faith and that it is being settled voluntarily after consultation with competent legal counsel. Likewise, Lead Plaintiffs and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was defended in bad faith nor will they deny that it was defended in good faith and that it is being settled voluntarily after consultation with competent counsel.  Lead Plaintiffs and Lead Counsel further agree that no press releases, web postings, public announcements or public discussions of the claims against

the Defendants or the Settlement shall disparage or make any accusations of wrongful or actionable conduct including any statement that characterizes any Medtronic product or suggests any violation of law.  Nor shall the Parties make any disparaging statement concerning the prosecution and resolution of the action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or of any defense.  In all events, Lead Plaintiffs, including their Lead Counsel, and Defendants, including their counsel, shall not make any accusations of wrongful or actionable conduct by either party concerning the prosecution, defense and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

38.     This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all signatories hereto or their successors-in-interest.

39.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

40.     The administration and consummation of this Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation.

41.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

42.     This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among the Parties concerning this Settlement, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation, its

exhibits and the Supplemental Agreement other than those contained and memorialized in such documents.

43.    This Stipulation may be executed in one or more original and/or faxed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the signatories of this Stipulation shall exchange among themselves original signed counterparts.

44.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

45.    The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Minnesota without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

46.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

47.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

48.    The Parties agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and this Settlement, and to use best efforts to

promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

49.     If any party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile transmission with confirmation of receipt.   Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiffs:<br>or Lead Counsel | Bernstein Litowitz Berger & Grossmann LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone:  (212) 554-1400<br>Facsimile:  (212) 554-1444<br>Attn: Salvatore J. Graziano<br><br>Chestnut Cambronne PA<br>17 Washington Avenue North, Suite 300<br>Minneapolis, MN  55401<br>Telephone:  (612) 339-7300<br>Facsimile:  (612) 336-2940<br>Attn:  Karl L. Cambronne<br><br>Kessler Topaz Meltzer & Check LLP<br>580 California Street, Suite 1750<br>San Francisco, CA 94104<br>Telephone:  (415) 400-3000<br>Facsimile:   (415) 400-3001<br>Attn:  Ramzi Abadou<br><br>Grant & Eisenhofer P.A.<br>123 Justison Street<br>Wilmington, DE 19801<br>Telephone:  (302) 622-7000<br>Facsimile:  (302) 622-7122<br>Attn:  Jeff A. Almeida<br><br>Motley Rice LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Telephone:  (843) 216-9000<br>Facsimile:   (843) 216-9450<br>Attn:  James M. Hughes |

If to Defendants:    Dorsey & Whitney LLP
         Suite 1500, 50 South Sixth Street
         Minneapolis, MN  55402-1498
         Telephone:  (612) 340-2600
         Facsimile:  (612) 340-2868
         Attn:  Peter W. Carter

         Kirkland & Ellis LLP
         300 North LaSalle
         Chicago, IL 60654
         Telephone:  (312) 862-2000
         Facsimile:  (312) 862-2200
         Attn:  Emily Nicklin

DATED:  New York, New York
    July 20, 2012

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _____
  Max W. Berger
  Salvatore J. Graziano
  Adam H. Wierzbowski
  Michael D. Blatchley
  1285 Avenue of the Americas
  New York, New York 10019
  Telephone:  (212) 554-1400
  Facsimile:   (212) 554-1444

Dated:  Minneapolis, Minnesota
   July 20, 2012

**CHESTNUT CAMBRONNE PA**

By _____
  Karl L. Cambronne
  Jeffrey D. Bores
  Bryan E. Bleichner
  17 Washington Avenue North
  Suite 300
  Minneapolis, MN 55401-2048
  Telephone:  (612) 339-7300
  Facsimile:   (612)336-2940

Dated: San Francisco, California
_____, 2012

**KESSLER TOPAZ MELTZER & CHECK, LLP**

By: _____

    Ramzi Abadou
    Eli R. Greenstein
    Jennifer L. Joost
    Erik D. Peterson
    580 California Street, Suite 1750
    San Francisco, CA 94104
    Telephone: (415) 400-3000
    Facsimile: (415) 400-3001

    -and -

    Andrew L. Zivitz
    280 King of Prussia Road
    Radnor, PA 19087
    Telephone: (610) 667-7706
    Facsimile: (610) 667-7056

Dated: Wilmington, Delaware
_____, 2012

**GRANT & EISENHOFER P.A.**

By: _____

Geoffrey C. Jarvis
Jeff A. Almeida
123 Justison Street
Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7122

Date: Mount Pleasant, South Carolina
_____, 2012

**MOTLEY RICE LLC**

By: _____

Joseph F. Rice
James M. Hughes
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Lead Counsel for Lead Plaintiffs and the Class*

31

Dated:  San Francisco, California
_____, 2012

**KESSLER TOPAZ MELTZER**
**& CHECK, LLP**

By:_____
     Ramzi Abadou
     Eli R. Greenstein
     Jennifer L. Joost
     Erik D. Peterson
     580 California Street, Suite 1750
     San Francisco, CA 94104
     Telephone: (415) 400-3000
     Facsimile:  (415) 400-3001

           -and -

     Andrew L. Zivitz
     Alessandra C. Phillips
     280 King of Prussia Road
     Radnor, PA 19087
     Telephone:  (610) 667-7706
     Facsimile:   (610) 667-7056

Dated:  Wilmington, Delaware
July 20_____, 2012

**GRANT & EISENHOFER P.A.**

By: _J. A. Almeida_____
Geoffrey C. Jarvis
Jeff A. Almeida
123 Justison Street
Wilmington, DE 19801
Telephone:  (302) 622-7000
Facsimile: (302) 622-7122

Date: Mount Pleasant, South Carolina
_____, 2012

**MOTLEY RICE LLC**

By:_____
Joseph F. Rice
James M. Hughes
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Lead Counsel for Lead Plaintiffs*
*and the Class*

31

Dated: San Francisco, California
_____, 2012

KESSLER TOPAZ MELTZER
   & CHECK, LLP

By:_____
    Ramzi Abadou
    Eli R. Greenstein
    Jennifer L. Joost
    Erik D. Peterson
    580 California Street, Suite 1750
    San Francisco, CA 94104
    Telephone: (415) 400-3000
    Facsimile:  (415) 400-3001

        -and -

    Andrew L. Zivitz
    280 King of Prussia Road
    Radnor, PA 19087
    Telephone:  (610) 667-7706
    Facsimile:  (610) 667-7056

Dated: Wilmington, Delaware
_____, 2012

GRANT & EISENHOFER P.A.

By:_____
Geoffrey C. Jarvis
Jeff A. Almeida
123 Justison Street
Wilmington, DE 19801
Telephone:  (302) 622-7000
Facsimile: (302) 622-7122

Date: Mount Pleasant, South Carolina
_July 20_____, 2012

MOTLEY RICE LLC

By: _James M. Hughes_____
Joseph F. Rice
James M. Hughes
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Lead Counsel for Lead Plaintiffs
and the Class*

Dated: Minneapolis, Minnesota

_July 20_, 2012

**DORSEY & WHITNEY LLP**

By _____

    Peter W. Carter
    Suite 1500, 50 South Sixth Street
    Minneapolis, MN 55402-1498
    Telephone: (612) 340-2600
    Facsimile: (612) 340-2868


Dated: Chicago, Illinois

_____, 2012

**KIRKLAND & ELLIS LLP**

By _____

    Emily Nicklin
    655 Fifteenth Street, N.W.
    300 North LaSalle
    Chicago, IL 60654
    Telephone: (312) 862-2000
    Facsimile: (312) 862-2200

*Counsel for Defendants*

#639626

Dated:  Minneapolis, Minnesota
_____, 2012

DORSEY & WHITNEY LLP

By _____
 Peter W. Carter
 Suite 1500, 50 South Sixth Street
 Minneapolis, MN  55402-1498
 Telephone:  (612) 340-2600
 Facsimile:  (612) 340-2868

Dated:  Chicago, Illinois
_____, 2012

KIRKLAND & ELLIS LLP

By _____
 Emily Nicklin
 300 North LaSalle
 Chicago, IL 60654
 Telephone:  (312) 862-2000
 Facsimile:  (312) 862-2200

*Counsel for Defendants*

#639626

32

# Exhibit A

EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION, | Civil No. 08-6324 (PAM/AJB) |
| Plaintiffs, | |
| v. | |
| MEDTRONIC, INC., *et al.*, | |
| Defendants. | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

The Court, having considered the Parties' joint motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, hereby enters the following order:[1]

1.    <u>Amendment to Class Certification Order to Correct Error:</u>    The Class Period certified in the Court's Order of December 12, 2011 (Dkt. #287) which was in error as being from November 20, 2006 through November 16, 2008, is hereby corrected to reflect an end date of November 17, 2008.  Thus the certified Class is:

> All persons or entities who purchased or otherwise acquired Medtronic common stock during the class period, from November 20, 2006 through November 17, 2008, and who were damaged thereby.

> Excluded from the Class are (i) Defendants; (ii) members of the Immediate Family of each of the Individual Defendants; (iii) any person who was a Section 16 officer and/or Medtronic board member during the Class Period; (iv) any subsidiary of Medtronic; (v) any firm, trust, corporation or entity in which any Defendant has a Controlling Interest; and (vi) the legal

---

[1] Unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation and Agreement of Settlement dated July 20, 2012.

representatives, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are any persons or entities who exclude themselves by filing a request for exclusion that is accepted by the Court.

"Controlling Interest" means a Defendant shall be deemed to have a "controlling interest" in an entity (i) if such Defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock, or more than 50% of the partnership or other ownership interests, of such entity, (ii) if the entity is a trust, if such Defendant is the settlor of the trust, is a beneficiary of the trust, has the power to designate or remove beneficiaries of the trust, or has the power to direct distribution of the proceeds of the trust. Notwithstanding anything in this paragraph (l) to the contrary, no Defendant shall be considered to have a Controlling Interest in any trust established by Medtronic, Inc. (or its subsidiaries) that is intended to be a "qualified trust" within the meaning of Section 401(a) of the Internal Revenue Code.

2.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation as being fair, reasonable, and adequate as to the Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

3.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on November 8, 2012 at 9:45 a.m. at the Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, Minnesota, for the following purposes: (a) to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice and fully and finally releasing any and all Settled Claims[2] against each and all Released Parties,

---

[2] "Settled Claims" means all claims, rights, and causes of action of every nature and description whether based in law or in equity, whether known or unknown, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Class (i) asserted in the Consolidated Class Action Complaint dated August 21, 2009 or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, disclosures, statements, acts, matters or occurrences, representations or omissions, or any disclosures (or absence of disclosures) by Medtronic or any of its past or present officers, directors, employees, consultants, or agents or failure to act set forth or referred to or which could have been referred to in the

defined as: Defendants, their past or present directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees, and/or administrators; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in Paragraph 5 of this Order.

4.    The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

5.    **Retention of Claims Administrator and Manner of Notice** The law firms of Bernstein Litowitz Berger & Grossmann LLP; Kessler Topaz Meltzer & Check, LLP (f/k/a Barroway Topaz Kessler Meltzer & Check, LLP); Grant & Eisenhofer, P.A.; Motley Rice LLC; and Chestnut Cambronne PA ("Lead Counsel") are hereby authorized to retain Rust Consulting, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)    not later than fifteen (15) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (together the "Notice

_____

Consolidated Class Action Complaint, arising out of or relating to the purchase or acquisition of Medtronic common stock during the Class Period.

Packet"), to be mailed by first-class mail to Class Members at the addresses set forth in the records of Medtronic or its transfer agent(s), or who otherwise may be identified through further reasonable effort by Lead Counsel;

(b)    within seven (7) business days of the date of entry of this Order, Medtronic shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Plaintiffs, Lead Counsel or the Claims Administrator) shareholder names and addresses, in electronic form, identifying all persons and entities who purchased or acquired Medtronic common stock during the Class Period so far as Medtronic's records show;

(c)    not later than ten (10) business days after the Notice Date (the "Publication Notice Date"), the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and in *Investors' Business Daily* and to be transmitted once over the *PR Newswire*; and

(d)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 5 of this Order (i) is the best notice practicable under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the release of any and all Settled Claims against each and all Released Parties contained therein) and of their right to object to the

4

proposed Settlement, exclude themselves from the Class and appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Publication Notice before they are mailed and published, respectively.

7.    **Nominee Procedures** – Brokers and other nominees who purchased or acquired Medtronic common stock during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

8.    **Participation in the Settlement** – Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit the Claim Form approved by this Order in accordance with the instructions contained

5

therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10.    Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without

limitation, the Judgment and the release of any and all Settled Claims against each and all Released Parties provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Settled Claims against each and all of the Released Parties.

11.    **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Minneapolis Firefighters Relief Association v. Medtronic, Inc.* - EXCLUSIONS, c/o Rust Consulting, Inc., P.O. Box 2798, Faribault, MN, 55021-9798 and (b) that each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Class in *Minneapolis Firefighters Relief Association v. Medtronic, Inc.,* Civil No. 08-6324 (PAM/AJB)"; (iii) state the number of shares of Medtronic common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

12.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

13.     Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the release of any and all Settled Claims against each and all Released Parties as  provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Settled Claims against any of the Released Parties.

14.     **Appearance and Objections at Fairness Hearing** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both representative Lead Counsel and to representative Defendants' Counsel listed in Paragraph 15 below such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

15.     Any member of the Class who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; <u>provided</u>, however, that no Class Member shall be heard or

8

entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection in the manner provided in the Notice such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing on each of the following:

REPRESENTATIVE LEAD COUNSEL FOR PLAINTIFFS:

| | | |
|---|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>Attn: Salvatore J. Graziano<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 554-1400<br>Facsimile: (212) 554-1444 | AND | Chestnut Cambronne PA<br>Attn: Karl L. Cambronne<br>17 Washington Avenue North<br>Suite 300<br>Minneapolis, MN 55401<br>Telephone: (612) 339-7300<br>Facsimile: (612) 336-2940 |

AND COUNSEL FOR DEFENDANTS:

| | |
|---|---|
| Dorsey & Whitney LLP<br>Attn: Peter W. Carter<br>50 South Sixth Street<br>Suite 1500<br>Minneapolis, MN 55402-1498<br>Telephone: (612) 340-2600<br>Facsimile: (612) 340-2868 | Kirkland & Ellis LLP<br>Attn: Emily Nicklin<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2387<br>Facsimile: (312) 862-2200 |

16.    Any objections, filings, and other submissions by the objecting Class Member (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of his, her, or its objection, as well as the specific reasons for each objection, including the legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove the number of shares of Medtronic common stock purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase and/or sale.

17.    Any member of the Class who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to the Settlement, the Plan of Allocation, and the motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

18.    **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pending the Settlement Hearing, the Court enjoins Lead Plaintiffs and all other Class Members from commencing or prosecuting, either directly, indirectly, representatively, or in any other capacity, any and all of the Settled Claims against each and all of the Released Parties.

19.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying and notifying Class Members as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

20.    **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.    **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all

obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court.

22. **Termination of Settlement** – If the Stipulation is terminated, the Settlement is not approved, or the Effective Date of the Stipulation does not occur, this Order shall become null and void and be without prejudice to the rights of Lead Plaintiffs, the other Class Members and Defendants, and the Parties shall be deemed to have reverted to their respective status in this Action immediately prior to March 28, 2012, as provided in the Stipulation.

23. **Use of this Order** – This Order, the proposed Settlement, the Stipulation, and any and all of their respective terms (and all negotiations, notices, discussions, and proceedings in connection therewith): (a) shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the proposed Settlement; (b) shall not be described as, construed as, interpreted as, or offered or received against any of the Defendants as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Defendant as to any liability, negligence, fault, or wrongdoing on its or his part or the validity of any claim by Lead Plaintiffs or the merits of any of its defenses; and (c) shall not be described as, construed as, interpreted as, or offered or received against any of the Lead Plaintiffs or any other Class Member as evidence of any infirmity in the claims of Lead Plaintiffs and the Class or that the damages recoverable from Defendants would not have exceeded the Settlement Amount.

24. **Supporting Papers** – Lead Counsel shall file and serve papers in support of the proposed Settlement no later than thirty-five (35) calendar days prior to the Settlement Hearing;

11

if reply papers are necessary, they are to be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

     25.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2012.


_____
         The Honorable Paul A. Magnuson
         United States District Judge

# 649201

# Exhibit A-1

Exhibit A-1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION,<br><br>                         Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., *et al.*,<br><br>                         Defendants. | Civil No. 08-6324 (PAM/AJB) |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

*<u>A Federal Court authorized this Notice. This is not a solicitation from a lawyer.</u>*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by a class action lawsuit (the "Action") pending in the United States District Court for the District of Minnesota (the "Court") if, during the period from November 20, 2006 through and including November 17, 2008 (the "Class Period"), you purchased or otherwise acquired the common stock of Medtronic, Inc. ("Medtronic" or the "Company") and were damaged thereby.

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, Teachers' Retirement System of Oklahoma, Oklahoma Firefighters Pension Fund, Union Asset Management Holding AG, and Danske Invest Management A/S ("Lead Plaintiffs"), on behalf of themselves and the Class (as defined in ¶ 22 below), have reached a proposed settlement of the Action with Defendants for a total of $85 million in cash that, if approved, will resolve all claims in the Action.[1]

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a Class Member, your legal rights will be affected whether or not you act.**

1.    **<u>Description of the Action and Class</u>:** This Notice relates to a proposed Settlement of claims in a pending class action lawsuit brought by investors alleging that the price of Medtronic common stock was artificially inflated during the Class Period as a result of alleged material false statements and omissions by Defendant Medtronic and the Individual Defendants Arthur D. Collins, Jr., William A. Hawkins, and Gary L. Ellis (together with Medtronic, the "Defendants") during the Class Period concerning one of Medtronic's

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated July 20, 2012 (the "Stipulation"), which is available on the website established for the Settlement at www.MDTsecuritieslitigationsettlement.com.

medical products the INFUSE® bone graft system. The proposed Settlement, if approved by the Court, will settle claims of all persons and entities who purchased or otherwise acquired Medtronic common stock during the Class Period (*i.e.*, from November 20, 2006 through and including November 17, 2008), and who were damaged thereby (the "Class"), except for certain persons and entities who are excluded from the Class by definition (*see* ¶ 22 below) or who validly elect to exclude themselves from the Class (*see* ¶¶ 71-73 below).

2.  **Statement of Class's Recovery:** Subject to Court approval, and as described more fully below, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle all claims based on the purchase or acquisition of Medtronic common stock that were or could have been asserted against Defendants in the Action in exchange for a settlement payment of $85,000,000 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Settlement Fund"). The Net Settlement Fund (the Settlement Fund less Taxes, Notice and Administration Costs, and any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __ - __ below.

3.  **Estimate of Average Amount of Recovery Per Share:** Lead Plaintiffs' damages expert estimates that approximately 612,678,591 shares of Medtronic common stock purchased during the Class Period may have been affected by the conduct at issue in the Action. If all Class Members elect to participate in the Settlement, the estimated average recovery per affected share of Medtronic common stock would be approximately $0.14 before deduction of Court-awarded attorneys' fees and Litigation Expenses and the costs of providing notice and administering the Settlement. Class Members should note, however, that this is only an estimate based on the overall number of potentially affected shares. Some Class Members may recover more or less than the estimated amount per share.

4.  **Statement of Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Defendants do not agree with the assertion that they engaged in any actionable conduct under the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5.  **Statement of Attorneys' Fees and Expenses Sought:** The Court-appointed Lead Counsel, Bernstein Litowitz, Berger & Grossmann LLP, Kessler Topaz Meltzer & Check, LLP (f/k/a Barroway Topaz Kessler Meltzer & Check, LLP), Grant & Eisenhofer PA, Motley Rice LLC, and Chestnut Cambronne PA, which have been prosecuting the Action on a wholly contingent basis since its inception in 2008, have not received any payment of attorneys' fees for their representation of the Class and they have advanced the funds to pay expenses necessarily incurred to prosecute the Action. Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action, in an amount not to exceed $2,000,000, which may include the reasonable costs and expenses of Lead Plaintiffs directly related to the representation of the Class. If the Court approves Lead Counsel's fee and expense application, the average cost per affected share of Medtronic common stock will be approximately $0.038.

6.  **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Class are being represented by: Salvatore J. Graziano, Esq., Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, New York 10019, (800) 380-8496, blbg@blbglaw.com; Ramzi Abadou, Esq., Kessler Topaz Meltzer & Check, LLP, 580 California Street, Suite 1750, San Francisco, CA 94104 (415) 400-3000, www.ktmc.com; Jeff A. Almeida, Esq., Grant & Eisenhofer P.A., 123 Justison Street, Wilmington, DE 19801, (302) 622-7000, www.gelaw.com; James M. Hughes, Esq., Motley Rice LLC, 28 Bridgeside Blvd., Mount

Pleasant, SC 29464, (843) 216-9000, www.motleyrice.com; and Karl L. Cambronne, Esq. Chestnut Cambronne PA, 17 Washington Avenue North, Suite 300, Minneapolis, MN 55401-2048, (612) 339-7300, www.chestnutcambronne.com.

7.    **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial cash benefit payable to the Class now, without further risk or the delays inherent in further litigation. The significant cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial and likely appeals, a process that could last several years into the future. For Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reason for entering into the Settlement is to eliminate the expense, risks, and uncertainty of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2012** | This is the only way to be eligible to get a payment from the Settlement. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Settled Claims (as defined in ¶ 63 below) that you have against Defendants and the other Released Parties (defined in ¶ 64 below), so, if you remain in the Class, it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 18, 2012.** | If you exclude yourself from the Class, you will not be eligible to get any payment from the Settlement Fund. This is the only option that allows you to ever be part of any other proceeding against any of the Defendants or the other Released Parties concerning the Settled Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 18, 2012.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and do not exclude yourself. |
| **GO TO THE HEARING ON NOVEMBER 8, 2012 AT 9:45 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 18, 2012.** | Filing a written objection and notice of intention to appear by October 18, 2012 allows you to speak in Court about the fairness of the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but do not have to) attend the hearing and speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a Claim Form by _____, 2012, you will not be eligible to receive any payment from the |

3

| | Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ......................................................................... Page __

What Is This Case About? ............................................................................ Page __

How Do I Know If I Am Affected By The Settlement? ................................ Page __

What Are Lead Plaintiffs' Reasons For The Settlement? ............................ Page __

What Might Happen If There Were No Settlement? ................................... Page __

How Much Will My Payment Be? ............................................................... Page __

What Rights Am I Giving Up By Remaining In The Class? ........................ Page __

What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? ... Page __

How Do I Participate In The Settlement? What Do I Need To Do? ............ Page __

What If I Do Not Want To Participate In The Settlement? How Do I Exclude Myself? ... Page __

When And Where Will The Court Decide Whether To Approve The Settlement?
Do I Have To Come To The Hearing? May I Speak At The Hearing If I
Don't Like The Settlement? ................................................................... Page __

What If I Bought Shares On Someone Else's Behalf? ................................. Page __

Can I See The Court File? Whom Should I Contact If I Have Questions? ... Page __

## WHY DID I GET THIS NOTICE?

8.    This Notice is being sent to you pursuant to an Order of the United States District Court for the District of Minnesota because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Medtronic common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed settlement of this case. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. In this Action, the Court has appointed the Teachers' Retirement System of Oklahoma, Oklahoma Firefighters Pension Fund, Union Asset Management Holding AG, and Danske Invest Management A/S to serve as "Lead Plaintiffs" under a federal law governing lawsuits such as this one, and has appointed the law firms of Bernstein Litowitz Berger & Grossmann LLP, Kessler Topaz Meltzer & Check, LLP, Grant & Eisenhofer PA, Motley Rice LLC, and Chestnut Cambronne PA as Lead Counsel in the Action. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class. (For more

4

information on excluding yourself from the Class, please read "What If I Do Not Want Participate In the Settlement? How Do I Exclude Myself?," on page __ below.)

10.    The Court in charge of this case is the United States District Court for the District of Minnesota, and the case is known as *Minneapolis Firefighters' Relief Association v. Medtronic, Inc., et al.*, Civil No. 08-6324 (PAM/AJB). The Judge presiding over this case is the Honorable Paul A. Magnuson, United States District Judge. The people who are suing are called plaintiffs, and those who are being sued are called defendants. In this case, several of the named plaintiffs are referred to as the Lead Plaintiffs and they are suing on behalf of themselves and the Class, and the Defendants are Medtronic and the Individual Defendants. If the Settlement is approved, it will resolve all claims in the Action by Class Members against Defendants and will bring the Action to an end.

11.    This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").

12.    The Settlement Hearing will be held on November 8, 2012 at 9:45 a.m., before the Honorable Paul A. Magnuson, at the Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, MN, 55101, to determine:

(a)    whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

(b)    whether the Settled Claims against the Defendants and the other Released Parties should be fully and finally dismissed with prejudice as set forth in the Stipulation;

(c)    whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

(d)    whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

13.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. Please be patient.

| WHAT IS THIS CASE ABOUT? |
|---|

14.    On December 10, 2008, this putative securities class action was filed in the United States District Court for the District of Minnesota against Medtronic and three of its senior officers. On May 26, 2009, pursuant to the Private Securities Litigation Reform Act of 1995, the Court appointed Lead Plaintiffs and approved Lead Plaintiffs' selection of Lead Counsel.

15.    On August 21, 2009, Lead Plaintiffs filed their amended complaint, the Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint"), alleging conduct relating to the promotion of one of the Company's products for "off-label" use. The Complaint alleges that Defendants made false and misleading statements to investors regarding INFUSE®, and concealed this misconduct and the risks it posed to the Company and its shareholders.

16.    On October 5, 2009, Defendants filed motions to dismiss the Complaint. These motions were fully briefed by the Parties. On February 3, 2010, after hearing oral argument, the Court denied in part and granted in part Defendants' motions to dismiss.

17.    On January 14, 2011, Lead Plaintiffs filed their motion for class certification. After full briefing and oral argument, on December 12, 2011, the Court certified the action to proceed as a class action and appointed as class representatives Plaintiffs Oklahoma Teachers' Retirement System, Oklahoma Firefighters Pension Fund, Union Asset Management Holding AG, Danske Invest Management A/S, and Westmoreland County Employee Retirement System.

18.    The Parties and their counsel have vigorously pursued discovery in this case, including by filing numerous motions to compel production of documents including documents over which privilege was claimed and they have engaged in extensive motion practice before the Court.

19.    The Parties have engaged in extensive settlement discussions, including discussions with the assistance of a privately retained mediator, and eventually with the Honorable Magistrate Judge Arthur Boylan. In March 2012, the Parties reached an agreement-in-principle to settle the Action.

20.    Based upon their investigation and prosecution of the Action, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter along with the input of Lead Counsel, Lead Plaintiffs have agreed to settle the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering (a) the substantial benefits that Lead Plaintiffs and the other members of the Class will receive from the resolution of the Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation. The fact that Lead Plaintiffs have agreed to settle the Action shall not be construed or deemed to be a concession by Lead Plaintiffs of any infirmity in the claims asserted in the Action. Each of the Defendants denies any wrongdoing, and the fact that Defendants have agreed to settle the Action shall not be construed as or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have asserted.

21.    On _____, 2012, the Court preliminarily approved the Settlement, authorized this Notice to be sent to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
| --- |

22.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded. The Class consists of:

> All persons or entities who purchased or otherwise acquired Medtronic common stock during the class period, from November 20, 2006 through November 17, 2008, and who were damaged thereby.

> Excluded from the Class are (i) Defendants; (ii) members of the Immediate Family of each of the Individual Defendants; (iii) any person who was a Section 16 officer and/or Medtronic board member during the Class Period; (iv) any subsidiary of

Medtronic; (v) any firm, trust, corporation or entity in which any Defendant has a Controlling Interest;[2] and (vi) the legal representatives, heirs, successors-in-interest or assigns of any such excluded party. The Class also does not include those persons and entities who timely request exclusion from the Class pursuant to this Notice (*see* "What If I Do Not Want To Participate In The Settlement? How Do I Exclude Myself?," on page __ below).

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2012.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

23. The principle reason for Lead Plaintiffs' consent to the Settlement is that it provides an immediate and substantial benefit to the Class. This Settlement provides a further benefit to the Class in that it provides a global resolution of all claims against all Defendants involved in the Action. The benefit of the present Settlement must be compared to the risk that no recovery might be achieved after contested motions, a contested trial and likely appeals, possibly years into the future.

24. The claims advanced by the Class in this Action involve numerous complex legal and factual issues, which would require additional discovery, including extensive expert discovery and testimony, adding considerably to the expense and duration of the litigation. If the Action were to proceed, Lead Plaintiffs would have to overcome significant defenses asserted by multiple defendants. Among other things, the Parties disagree about (i) whether Lead Plaintiffs or the Class have suffered any damages, (ii) whether the price of Medtronic common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise, and (iii) whether Lead Plaintiffs or the Class were harmed by the conduct alleged in the Complaint. Even after an extensive investigation and substantial discovery, questions remain regarding the extent of Defendants' liability and the extent to which a jury might find them liable, if at all. This Settlement enables the Class to recover without incurring any additional risk or costs.

25. On May 16, 2012, the U.S. Attorney's Office for the District of Massachusetts notified the Company that it had closed its investigation into the INFUSE® bone graft product.

26. Defendants have expressly denied and continue to deny all assertions of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also continue to believe that the claims asserted against them in the Action are without merit. Defendants do not agree with the assertion that they engaged in any actionable conduct under the federal securities laws or that any damages were suffered by any members of the Class as a result of

---

[2] For purposes of determining who is excluded from the Class, "Controlling Interest" means a Defendant shall be deemed to have a "controlling interest" in an entity, (i) if such Defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock, or more than 50% of the partnership or other ownership interests, of such entity, (ii) if the entity is a trust, if such Defendant is the settlor of the trust, is a beneficiary of the trust, has the power to designate or remove beneficiaries of the trust, or has the power to direct distribution of the proceeds of the trust. Notwithstanding anything in this paragraph to the contrary, no Defendant shall be considered to have a Controlling Interest in any trust established by Medtronic, Inc. (or its subsidiaries) that is intended to be a "qualified trust" within the meaning of Section 401(a) of the Internal Revenue Code

their conduct. Defendants have agreed to enter into the Settlement, as embodied in the Stipulation, solely to avoid the expense, distraction, time and uncertainty associated with continuing the litigation.

27.    In light of the risks associated with a trial of this Action, the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $85,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after summary judgment, trial and appeals, possibly years in the future.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

29.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

30.    Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid eighty-five million dollars ($85,000,000) in cash. The Settlement Amount will be deposited into an interest-bearing escrow account. The Settlement Amount plus all interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing Notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members as set forth in the proposed Plan of Allocation or such other plan as the Court may approve.

31.    The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

32.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalves are entitled to get back any portion of the Settlement Fund once the Court's Order or Judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

33.    Approval of the Settlement is independent from approval of the plan of allocation. Any determination with respect to the plan of allocation will not affect the Settlement, if approved.

34.    Only Class Members, *i.e.*, persons and entities who or which purchased or otherwise acquired Medtronic common stock during the Class Period **AND WERE DAMAGED AS A RESULT OF SUCH PURCHASES OR ACQUISITIONS** and who or which are not excluded from the Class, will be eligible to share in the distribution of the Net Settlement Fund. Each Class Member wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Class, and including all

required documentation, postmarked on or before _____, 2012 to the address set forth in the Claim Form that accompanies this Notice.

35.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2012 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Settled Claims (as defined in paragraph 63 below) against the Released Parties (as defined in paragraph 64 below) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Settled Claims against any of the Released Parties regardless of whether or not such Class Member submits a Claim Form.

36.     Information Required on the Claim Form:  Among other things, each Claim Form must state and provide sufficient documentation for the Claimant's position in Medtronic common stock as of the beginning of the Class Period, all transactions in Medtronic common stock during the Class Period, and the Claimant's closing position in Medtronic common stock on the date specified in the Claim Form.

37.     Participants and beneficiaries in the Medtronic ERISA Plans should not include any information relating to their transactions within the plan in any Claim Form that they may submit in this Action.  Claims based on the Medtronic ERISA Plans' purchases of Medtronic common stock during the Class Period may be made by the plans' trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in the plans, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the Medtronic ERISA Plans.

38.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

39.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the District of Minnesota with respect to his, her or its Claim Form.

40.     Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

41.     The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who experienced economic losses as a result of the alleged violations of the federal securities laws as opposed to losses caused by market or industry factors or Company-specific factors unrelated to the alleged violations of law.  The Plan of Allocation reflects Lead Plaintiffs' damages expert's analysis undertaken to that end, including a review of publicly available information regarding Medtronic and statistical analyses of the price movements of Medtronic common stock and the price performance of relevant market and industry indices during the Class Period.  The Plan of Allocation, however, is not a formal damage analysis.

42.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

43.     The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. Recognized Loss Amounts are based on the level of alleged artificial inflation in the price of Medtronic's common stock at the time of purchase or acquisition.  For losses to be compensable damages under the federal securities laws, however, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts from November 20, 2006 through and including November 17, 2008.  It is alleged that corrective disclosures that removed the alleged artificial inflation from the prices of Medtronic common stock occurred prior to the opening of the market on November 12, 2008, November 14, 2008 and November 18, 2008.  Accordingly, in order to have a compensable loss:

(a)     Common Stock purchased or otherwise acquired from November 20, 2006 through November 11, 2008 must have been held until at least the beginning of trading on November 12, 2008, the day of the first corrective disclosure;

(b)     Common Stock purchased or otherwise acquired on November 12 or November 13, 2008 must have been held until at least the beginning of trading on November 14, 2008, the day of the second corrective disclosure; and

(c)     Common Stock purchased or otherwise acquired on November 14 through November 17, 2008 must have been held until at least the beginning of trading on November 18, 2008, the day of the last corrective disclosure.

44.     To the extent a transaction does not satisfy the conditions set forth in the preceding paragraph, the Claimant's Recognized Loss Amount for those transactions will be zero.

## CALCULATION OF SPECIFIC LOSS AMOUNTS

45.     Based on the formulas set forth below, a "Recognized Loss Amount" shall be calculated for each Class Period purchase or acquisition of Medtronic common stock listed in the Proof of Claim form and for which adequate documentation is provided.  If a Recognized Loss Amount results in a negative number, that Recognized Loss Amount shall be zero.

46.     For each share of Medtronic common stock purchased or acquired between November 20, 2006 and November 11, 2008, inclusive and:

(a)     Sold prior to November 12, 2008, the Recognized Loss Amount is $0.00.

(b)     Sold on November 12, 2008 or November 13, 2008, the Recognized Loss Amount shall be ***the lesser of*** (i) $0.43; or (ii) the purchase/acquisition price **minus** the sale price.

(c)     Sold on November 14, 2008 through November 17, 2008, the Recognized Loss Amount shall be ***the lesser of*** (i) $0.88; or (ii) the purchase/acquisition price **minus** the sale price.

(d)     Sold from November 18, 2008 through the close of trading on February 13, 2009, the Recognized Loss Amount is ***the least of*** (i) $2.73; (ii) the purchase/acquisition price **minus** the sale price; or (iii) the purchase price **minus** the average closing price of the stock between November 18, 2008 and the date of sale as shown in Table A annexed hereto.

(e)    Held as of the close of trading on February 13, 2009, the Recognized Loss Amount is the *lesser of* (i) $2.73; or (ii) the purchase/acquisition price **minus** $31.78, the average closing price of the stock between November 18, 2008 and February 13, 2009, as shown at the end of Table A.

47.    For each share of Medtronic common stock purchased or acquired on November 12, 2008 or November 13, 2008, and:

(a)    Sold on or before November 13, 2008, the Recognized Loss Amount is $0.00.

(b)    Sold on November 14, 2008 through November 17, 2008, the Recognized Loss Amount shall be *the lesser of* (i) $0.45; or (ii) the purchase/acquisition price **minus** the sale price.

(c)    Sold from November 18, 2008 through the close of trading on February 13, 2009, the Recognized Loss Amount is *the least of* (i) $2.30; (ii) the purchase/acquisition price **minus** the sale price; or (iii) the purchase price **minus** the average closing price of the stock between November 18, 2008 and the date of sale as shown in Table A.

(d)    Held as of the close of trading on February 13, 2009, the Recognized Loss Amount is the *lesser of* (i) $2.30; or (ii) the purchase/acquisition price **minus** $31.78, the average closing price of the stock between November 18, 2008 and February 13, 2009, as shown at the end of Table A.

48.    For each share of Medtronic common stock purchased or acquired on November 14, 2008 or November 17, 2008, and:

(a)    Sold on or before November 17, 2008, the Recognized Loss Amount is $0.00.

(b)    Sold from November 18, 2008 through the close of trading on February 13, 2009, the Recognized Loss Amount is *the least of* (i) $1.85; (ii) the purchase/acquisition price **minus** the sale price; or (iii) the purchase price **minus** the average closing price of the stock between November 18, 2008 and the date of sale as shown in Table A.

(c)    Held as of the close of trading on February 13, 2009, the Recognized Loss Amount is the *lesser of* (i) $1.85; or (ii) the purchase/acquisition price **minus** $31.78, the average closing price of the stock between November 18, 2008 and February 13, 2009, as shown at the end of Table A.

## ADDITIONAL PROVISIONS

49.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $20.00 or greater.

50.    Each Authorized Claimant shall recover his, her, or its Recognized Claim, which is the sum of his, her or its Recognized Loss Amounts for all Class Period purchases and acquisitions of Medtronic common stock. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, however, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

51.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

52.     If the prorated payment to any Authorized Claimant calculates to less than $20.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

53.     If a Class Member has more than one purchase/acquisition or sale of Medtronic common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any Medtronic common stock held at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

54.     Purchases or acquisitions and sales of Medtronic common stock shall be deemed to have occurred on the "contract" or "trade" date, as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Medtronic common stock during the Class Period shall not be deemed a purchase, acquisition or sale of these shares of Medtronic common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of Medtronic common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of Medtronic common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Medtronic common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

55.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Medtronic common stock. The date of a "short sale" is deemed to be the date of sale of Medtronic common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Medtronic common stock, the earliest Class Period purchases shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

56.     Medtronic common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts are not securities eligible to participate in the Settlement. With respect to Medtronic common stock purchased or sold through the exercise of an option, the purchase/sale date of the Medtronic common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

57.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Medtronic common stock during the Class Period, the value of his, her or its Recognized Claim will be zero. Such Claimants will in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Medtronic common stock during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

58.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Medtronic common stock during the Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[3] and (ii) the sum of the

---

[3] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Medtronic common stock purchased or acquired during the Class Period.

Sales Proceeds[4] and the Holding Value.[5]  This difference will be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Medtronic common stock during the Class Period.

59.    If any funds remain in the Net Settlement Fund because of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall, if in the opinion of Lead Counsel in consultation with the Claims Administrator it would be cost-effective to do so, be redistributed to Authorized Claimants who have cashed their initial distribution and who would receive at least $20.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the funds, including for such redistribution.  Additional redistributions to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $20.00 on such additional redistributions may occur thereafter if Lead Counsel in consultation with the Claims Administrator determine that additional redistribution, after the deduction of any additional fees and expenses that would be incurred with respect to such redistributions, would be cost-effective.  At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s) recommended by Lead Counsel and approved by the Court.

60.    Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Lead Counsel, Defendants, Defendants' Counsel or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court.  Lead Plaintiffs, Defendants, Defendants' Counsel, and the other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

61.    The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs and Lead Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding a modification of the Plan of Allocation will be posted to the settlement website, www.MDTsecuritieslitigationsettlement.com.

---

| WHAT RIGHTS AM I GIVING UP BY REMAINING IN THE CLASS? |
| --- |

62.    If you remain in the Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other members of the Class, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have fully and finally released, to the fullest extent that the law permits their release in this Action, as against the Released

---

[4] The Claims Administrator shall match any sales of Medtronic common stock during the Class Period, first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received for sales of the remaining Medtronic common stock sold during the Class Period is the "Sales Proceeds."

[5] The Claims Administrator shall ascribe a value of $31.60 per share for Medtronic common stock purchased or acquired during the Class Period and still held as of the beginning of trading on November 18, 2008 (the "Holding Value").

Parties (*i.e.*, Defendants, their past and/or present directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees, and/or administrators), all Settled Claims (as defined in paragraph 63 below).

63.    "Settled Claims" means all claims, rights and causes of action of every nature and description whether based in law or in equity, whether known or unknown, whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Class (i) asserted in the Consolidated Class Action Complaint dated August 21, 2009 (the "Complaint"), or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, disclosures, statements, acts, matters or occurrences, representations or omissions, or any disclosures (or absence of disclosures) by Medtronic or any of its past or present officers, directors, employees, consultants or agents or failure to act set forth or referred to or which could have been referred to in the Complaint, arising out of or relating to the purchase or acquisition of Medtronic common stock during the Class Period.

64.    "Released Parties" means Defendants, their past or present directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees and/or administrators.

65.    "Unknown Claims" means any Settled Claims which Lead Plaintiffs or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Parties' Claims which any Released Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Settled Claims and Released Parties' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and each of the Defendants acknowledge, and each of the other Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

---

66.    Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for the reimbursement of Litigation Expenses not to exceed $2,000,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

67.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2012**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.MDTsecuritieslitigationsettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-590-8527.  If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.  Please retain all records of your ownership of and transactions in Medtronic common stock, as they may be needed to document your Claim.

68.     As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

69.     If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Participate in the Settlement?  How Do I Exclude Myself?," below.

70.     If you are a Class Member and you wish to object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

## WHAT IF I DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT?
## HOW DO I EXCLUDE MYSELF?

71.     Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to: *Minneapolis Firefighters' Relief Association v. Medtronic, Inc.*- EXCLUSIONS, c/o Rust Consulting, Inc., P.O. Box 2798, Faribault, MN 55021-9798.  The exclusion request must be *received* no later than October 18, 2012.  You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion; (b) state that such person or entity "requests exclusion from the Class in *Minneapolis Firefighters' Relief Association v. Medtronic, Inc.,* Civil No. 08-6324 (PAM/AJB); (c) state the number of shares of Medtronic common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and/or sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

72.     Even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Settled Claim against any of the Released Parties, you must follow these instructions for exclusion if you do not want to be part of the Class.  If you have a pending lawsuit, arbitration or other proceeding against any of the Defendants or any of the other Released Parties, speak to your lawyer in that action immediately.

73.    If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund or any other benefit provided for in the Stipulation.

74.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
> **DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

**75.    Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

76.    The Settlement Hearing will be held on November 8, 2012 at 9:45 a.m. before the Honorable Paul A. Magnuson, at the Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, Minnesota, 55101. The Court reserves the right to approve the Settlement, the Plan of Allocation and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses at or after the Settlement Hearing without further notice to the members of the Class.

77.    Any Class Member who does not request exclusion may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Minnesota at the address set forth below on or before October 18, 2012. You must also serve the papers on representative Lead Counsel for the Class and Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before October 18, 2012.

| **Clerk's Office** | **Representative Lead Counsel for the Class** | **Defendants' Counsel** |
|---|---|---|
| | | Dorsey & Whitney |
| United States District Court | Chestnut Cambronne PA | ATTN: Peter Carter |
| District of Minnesota | ATTN: Karl L. Cambronne | 50 South Sixth Street |
| Clerk of the Court | 17 Washington Avenue North | Suite 1500 |
| The Warren E. Burger Federal Building | Suite 300 | Minneapolis, MN 55402-1498 |
| and U.S. Courthouse | Minneapolis, MN 55401 | |
| 316 North Robert Street | | |
| St. Paul, MN 55101 | and | and |
| | Bernstein Litowitz Berger | Kirkland & Ellis LLP |
| | & Grossmann LLP | ATTN: Emily Nicklin |
| | ATTN: Salvatore J. Graziano | 300 North LaSalle |
| | 1285 Avenue of the Americas | Chicago, IL 60654 |
| | New York, NY 10019 | |

78.    Any objection to the Settlement (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove the number of shares of Medtronic common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and/or sale. You may not object to the Settlement, the Plan of Allocation or the motion for attorneys' fees and reimbursement of expenses if you excluded yourself from the Class or if you are not a member of the Class.

79.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

80.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on representative Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* on or before October 18, 2012. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

81.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on representative Lead Counsel and Defendants' Counsel so that the notice is *received* on or before October 18, 2012.

82.    The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

83.    If you purchased or otherwise acquired Medtronic common stock during the Class Period for the beneficial interest of a person or entity other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Minneapolis Firefighters' Relief Association v. Medtronic, Inc.*, c/o Rust Consulting, Inc., P.O. Box 2798, Faribault, MN 55021-9798. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from website maintained by the Claims Administrator,

www.MDTsecuritieslitigationsettlement.com, or by calling the Claims Administrator toll-free at 1-866-590-8527.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

84.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of Minnesota, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, MN, 55101.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.MDTsecuritieslitigationsettlement.com.  All inquiries concerning this Notice or the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| *Minneapolis Firefighters' Relief Association v. Medtronic, Inc.,* | **Bernstein Litowitz Berger & Grossmann LLP** | **Chestnut Cambronne PA** |
|---|---|---|
| c/o Rust Consulting, Inc. | Salvatore J. Graziano, Esq. | Karl L. Cambronne, Esq. |
| P.O. Box 2798 | 1285 Avenue of the Americas | 17 Washington Avenue North |
| Faribault, MN 55021-9798 | New York, New York 10019 | Suite 300 |
| 866-590-8527 | 800-380-8496 | Minneapolis, MN 55401-2048 |
| info@MDTSecuritiesSettlement.com | blbg@blbglaw.com | 612-339-7300 |
| | | www.chestnutcambronne.com |
| **Kessler Topaz Meltzer & Check, LLP** | **Grant & Eisenhofer P.A.** | **Motley Rice LLC** |
| Ramzi Abadou, Esq. | Jeff A. Almeida, Esq. | James M. Hughes, Esq. |
| 580 California Street, Suite 1750 | 123 Justison Street | 28 Bridgeside Blvd. |
| San Francisco, CA 94104 | Wilmington, DE 19801 | Mount Pleasant, SC 29464 |
| 415-400-3000 | 302-622-7000 | 843-216-9000 |
| www.ktmc.com | www.gelaw.com | www.motleyrice.com |

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____, 2012

By Order of the Clerk of Court
United States District Court
for the District of Minnesota

**TABLE A**

**Medtronic, Inc. Closing Prices and
Average 90-day Lookback Price**

| Date | Medtronic Closing Price | Average 90-day Look-back Price | Date | Medtronic Closing Price | Average 90-day Look-back Price |
|---|---|---|---|---|---|
| 11/18/2008 | $31.60 | $31.60 | 1/2/2009 | $32.61 | $30.75 |
| 11/19/2008 | $31.20 | $31.40 | 1/5/2009 | $32.58 | $30.81 |
| 11/20/2008 | $29.04 | $30.61 | 1/6/2009 | $31.23 | $30.82 |
| 11/21/2008 | $30.98 | $30.71 | 1/7/2009 | $31.72 | $30.85 |
| 11/24/2008 | $30.87 | $30.74 | 1/8/2009 | $32.22 | $30.89 |
| 11/25/2008 | $29.45 | $30.52 | 1/9/2009 | $32.57 | $30.93 |
| 11/26/2008 | $29.48 | $30.37 | 1/12/2009 | $32.45 | $30.97 |
| 11/28/2008 | $30.52 | $30.39 | 1/13/2009 | $32.45 | $31.01 |
| 12/1/2008 | $28.67 | $30.20 | 1/14/2009 | $32.41 | $31.05 |
| 12/2/2008 | $29.30 | $30.11 | 1/15/2009 | $32.02 | $31.07 |
| 12/3/2008 | $30.29 | $30.13 | 1/16/2009 | $32.72 | $31.11 |
| 12/4/2008 | $30.45 | $30.15 | 1/20/2009 | $31.85 | $31.13 |
| 12/5/2008 | $31.67 | $30.27 | 1/21/2009 | $32.95 | $31.17 |
| 12/8/2008 | $31.80 | $30.38 | 1/22/2009 | $33.03 | $31.22 |
| 12/9/2008 | $30.85 | $30.41 | 1/23/2009 | $32.33 | $31.24 |
| 12/10/2008 | $30.85 | $30.44 | 1/26/2009 | $33.02 | $31.28 |
| 12/11/2008 | $30.62 | $30.45 | 1/27/2009 | $34.07 | $31.34 |
| 12/12/2008 | $29.91 | $30.42 | 1/28/2009 | $34.53 | $31.40 |
| 12/15/2008 | $30.18 | $30.41 | 1/29/2009 | $33.43 | $31.45 |
| 12/16/2008 | $31.48 | $30.46 | 1/30/2009 | $33.49 | $31.49 |
| 12/17/2008 | $31.36 | $30.50 | 2/2/2009 | $33.74 | $31.53 |
| 12/18/2008 | $32.27 | $30.58 | 2/3/2009 | $33.97 | $31.58 |
| 12/19/2008 | $32.17 | $30.65 | 2/4/2009 | $33.85 | $31.62 |
| 12/22/2008 | $31.16 | $30.67 | 2/5/2009 | $34.14 | $31.67 |
| 12/23/2008 | $30.57 | $30.67 | 2/6/2009 | $33.39 | $31.70 |
| 12/24/2008 | $30.92 | $30.68 | 2/9/2009 | $33.13 | $31.72 |
| 12/26/2008 | $30.78 | $30.68 | 2/10/2009 | $32.14 | $31.73 |
| 12/29/2008 | $30.25 | $30.67 | 2/11/2009 | $32.50 | $31.74 |
| 12/30/2008 | $30.54 | $30.66 | 2/12/2009 | $32.80 | $31.76 |
| 12/31/2008 | $31.42 | $30.69 | 2/13/2009 | $32.81 | $31.78 |

Source: Bloomberg, L.P.

# 649202

# Exhibit A-2

**Exhibit A-2**

### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

|  |  |
|---|---|
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION,<br><br>                    Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., *et al.*,<br><br>                    Defendants. | Civil No. 08-6324 (PAM/AJB) |

### PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM, AND RETURN IT TO:

*Minneapolis Firefighters' Relief Association v. Medtronic, Inc.*
c/o RUST CONSULTING, INC.
Claims Administrator
PO BOX 2798
Faribault, MN 55021-9798

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2012**. FAILURE TO SUBMIT YOUR CLAIM BY _____, 2012 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM BEING ELIGIBLE TO RECEIVE ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE SETTLING PARTIES OR THEIR COUNSEL. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Proof of Claim and Release form ("Proof of Claim" or "Claim Form"), and the Plan of Allocation included in the Notice.   The Notice and the Plan of Allocation describe the proposed settlement ("Settlement") that will resolve this Action against Defendants Medtronic, Inc. ("Medtronic"), Arthur D. Collins, William A. Hawkins, and Gary L. Ellis; how the Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed, if the Court approves the Settlement and the Plan of Allocation.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the releases described therein and provided for herein.

2.      TO BE ELIGIBLE TO RECEIVE A DISTRIBUTION FROM THE NET SETTLEMENT FUND, YOU MUST MAIL YOUR COMPLETED AND SIGNED CLAIM FORM TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, POSTAGE PREPAID, **POSTMARKED NO LATER THAN** _____, **2012,** ADDRESSED AS FOLLOWS:

*Minneapolis Firefighters' Relief Association v. Medtronic, Inc.*
c/o Rust Consulting, Inc.
Claims Administrator
P.O. Box 2798
Faribault, MN 55021-9798

3.      This Proof of Claim is directed to all persons and entities who, from November 20, 2006 through and including November 17, 2008 (the "Class Period") purchased or otherwise acquired Medtronic common stock and were damaged thereby.  Excluded from the Class are (i) Defendants; (ii) members of the Immediate Family of each of the Individual Defendants; (iii) any person who was a Section 16 officer and/or Medtronic board member during the Class Period; (iv) any subsidiary of Medtronic; (v) any firm, trust, corporation or entity in which any Defendant has a Controlling Interest; and (vi) the legal representatives, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Class are any Class Members who properly exclude themselves by submitting a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

4.      IF YOU ARE NOT A CLASS MEMBER, OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A PROOF OF CLAIM.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE CLASS PURSUANT TO YOUR REQUEST OR A REQUEST MADE ON YOUR BEHALF, ANY PROOF OF CLAIM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

2

5.      If you are a Class Member, you will be bound by the terms of the Judgment entered in the Action WHETHER OR NOT A CLAIM FORM IS SUBMITTED, unless a valid request for exclusion from the Class is received by _____, 2012. The Judgment will release the Settled Claims against the Released Parties, as described in the Notice. This means that all Class Members will be enjoined from filing or from continuing the prosecution of Settled Claims against the Released Parties.

6.      You may only participate in the distribution of the Net Settlement Fund if you are a member of the Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      **Submission of this Claim Form does not guarantee that you will share in the Net Settlement Fund.**  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if approved by the Court, or such other plan of allocation as the Court approves.

8.      Use Part III of this Claim Form entitled "SCHEDULE OF TRANSACTIONS IN MEDTRONIC COMMON STOCK" to supply all required details of your transaction(s) in and holdings of Medtronic common stock.  On the schedule, please provide all of the information requested below with respect to *all* of your holdings, purchases, other acquisitions and sales of Medtronic common stock, whether such transactions resulted in a profit or a loss.

9.      **Failure to report all transactions during the requested periods may result in the rejection of your claim.  Please note,** only Medtronic common stock purchased/acquired during the Class Period, i.e., from November 20, 2006 through and including the close of trading on November 17, 2008 is eligible under the Settlement.  However, because information regarding your sales of Medtronic common stock during the period from November 18, 2008 through and including February 13, 2009 will be used for purposes of calculating your Recognized Loss Amount under the Plan of Allocation, information with respect to your purchases/acquisitions of Medtronic common stock during that period is needed in order to balance your claim.  While these purchases/acquisitions will not be used for purposes of calculating your Recognized Loss Amount pursuant to the Plan of Allocation, the information is necessary in order to process your claim.

10.      You are required to submit genuine and sufficient documentation for all your transaction(s) in and holdings of Medtronic common stock as set forth in the Schedule of Transactions in Part III.  Documentation may consist of copies of brokerage confirmations or monthly statements.  The Settling Parties and the Claims Administrator do not independently have information about your investments in Medtronic common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR COULD RESULT IN REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please do not highlight any portion of the Claim Form or any supporting documents and please keep a copy of all documents that you send to the Claims Administrator.**

3

11.    Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.    All joint beneficial owners must each sign this Claim Form.  If you purchased or acquired Medtronic common stock and held the securities in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased or acquired Medtronic common stock and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.

13.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Medtronic common stock; and

(c)    furnish herewith evidence of their authority to bind the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the Medtronic common stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

15.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.    **NOTICE REGARDING ELECTRONIC FILES:**  Certain Claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file

4

layout, you may visit the Settlement website at www.MDTsecuritieslitigationsettlement.com or you may email the Claims Administrator at info@MDTSecuritiesSettlement.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@MDTSecuritiesSettlement.com to inquire about your file and confirm it was received and is acceptable.

17.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Rust Consulting, Inc., at the above address, by email at info@MDTSecuritiesSettlement.com, or by toll-free phone at 1-866-590-8527, or you may download the documents from www.MDTsecuritieslitigationsettlement.com.

## PART II – CLAIMANT INFORMATION

Last Name (Claimant)

First Name (Claimant)

Last Name (Beneficial Owner if Different From Claimant)

First Name (Beneficial Owner)

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

Company/Other Entity (If Claimant Is Not An Individual)

Contact Person (If Claimant is Not An Individual)

Trustee/Nominee/Other

Account Number (If Claimant Is Not an Individual)

Trust/Other Date (If Applicable)

Address Line 1

Address Line 2 (If Applicable)

City

State

Zip Code

Foreign Province

Country

Foreign Zip Code

Telephone Number (Day)

Telephone Number (Night)

6

Beneficial Owner's Employer Identification Number or Social Security Number[1]

Email Address *(Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)*

IDENTITY OF CLAIMANT (check only one box):

[ ] Individual          [ ] Joint Owners          [ ] Estate
[ ] Corporation         [ ] Trust                 [ ] Partnership
[ ] Private Pension Fund [ ] IRA, Keogh, or other type of individual retirement plan
[ ] Legal Representative         (indicate type of plan, mailing address, and name of current
                                 custodian)
[ ] Other (specify, describe on separate sheet)

_____
_____
_____

---

[1] The taxpayer identification number (TIN), consisting of a valid Social Security number (SSN) for individuals or employer identification number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

## PART III - SCHEDULE OF TRANSACTIONS IN MEDTRONIC COMMON STOCK

Failure to provide proof of all of the information requested below with respect to beginning holdings, purchases/acquisitions, sales, and ending holdings will impede proper processing of your claim and may result in the rejection of your claim. Please include proper documentation with your Claim Form as described in detail in Part I, Paragraph 10, above.

**1.      BEGINNING HOLDINGS:**

State the total number of shares of Medtronic common stock held as of the opening of trading on November 20, 2006. If none write "zero" or "0". (Must be documented.)                            _____

**2.      PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD:**

Separately list each and every purchase and/or acquisition of Medtronic common stock during the Class Period, i.e., from **November 20, 2006** through and including the close of trading on **November 17, 2008**. For Medtronic common stock purchased through the exercise of an option, the purchase date is the date that the option was exercised and the purchase price per share is the exercise price of the option. (Must be documented.)

**IF NONE, CHECK HERE**

○

| Date(s) of Purchase(s)/Acquisition(s) (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (Excluding taxes, fees and commissions) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |

**3.      PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOKBACK PERIOD:**

Separately list each and every purchase and/or acquisition of Medtronic common stock during the 90-day "lookback" period, i.e., from **November 18, 2008** through and including the close of trading on **February 13, 2009**. For Medtronic common stock purchased through

**IF NONE, CHECK HERE**

○

the exercise of an option, the purchase date is the date that the option was exercised and the purchase price per share is the exercise price of the option. (Must be documented.)

| Date(s) of Purchase(s)/Acquisition(s) (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (Excluding taxes, fees and commissions) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |

## 4.    SALES DURING THE CLASS PERIOD:

Separately list each and every sale of Medtronic common stock during the period from **November 20, 2006** through and including the close of trading on **November 17, 2008**. For Medtronic common stock sold through the exercise of an option, the sale date is the date that the option was exercised and the sale price per share is the exercise price of the option. (Must be documented.)

**IF NONE, CHECK HERE**

○

| Date(s) of Sale(s) (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (Excluding taxes, fees and commissions) | Proof of Sale Enclosed |
|---|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |

**5.    SALES DURING THE 90-DAY LOOKBACK PERIOD:**

Separately list each and every sale of Medtronic common stock during the period from **November 18, 2008** through and including the close of trading on **February 13, 2009**. For Medtronic common stock sold through the exercise of an option, the sale date is the date that the option was exercised and the sale price per share is the exercise price of the option. (Must be documented.)

**IF NONE, CHECK HERE**

○

| Date(s) of Sale(s) (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (Excluding taxes, fees and commissions) | Proof of Sale Enclosed |
|---|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |
| ___/___/_____ | _____ | $_____ | $_____ | ○Y ○N |

**6.    ENDING HOLDINGS:**

State the total number of shares of Medtronic common stock held as of the close of trading on **February 13, 2009**. If none write "zero" or "0". (Must be documented.)

_____

**IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT AS ABOVE. PRINT THE BENEFICIAL OWNER'S FULL NAME AND TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE ____ OF THIS CLAIM FORM**

A.    I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully and finally release, to the fullest extent that the law permits their release in this Action, each and every one of the Settled Claims as against each and every one of the Released Parties, as those terms are defined in the accompanying Notice.

B.    I (we) hereby acknowledge that as of the Effective Date, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, shall be deemed by operation of law to have fully and finally released, to the fullest extent that their law permits their release in this Action, each and every one of the Settled Claims as against each and every one of the Released Parties.

**CERTIFICATION**

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represents the Claimant(s) certifies, as follows:

1.    that I (we) have read the Notice, the Plan of Allocation and the Claim Form, including the releases provided for in the Settlement;

2.    that the Claimant(s) is (are) Class Member(s), as defined in the Notice, and is (are) not one of the individuals or entities excluded from the Class by definition (*i.e.,* (i) Defendants; (ii) members of the Immediate Family of each of the Individual Defendants; (iii) any person who was a Section 16 officer and/or Medtronic board member during the Class Period; (iv) any subsidiary of Medtronic; (v) any firm, trust, corporation or entity in which any Defendant has a Controlling Interest; and (vi) the legal representatives, heirs, successors-in-interest or assigns of any such excluded party);

3.    that the Claimant(s) has (have) not submitted a request for exclusion from the Class;

4.    that the Claimant(s) owns(ed) the Medtronic common stock identified in the Claim Form and has (have) not assigned the claim against the Released Parties to another, or that, in signing and submitting this Claim Form, the Claimant(s) has (have) the authority to act on behalf of the owner(s) thereof;

5.    that the Claimant(s) has (have) not submitted any other claim covering the same purchases, acquisitions, sales, or holdings of Medtronic common stock and knows (know) of no other person having done so on his/her/its/their behalf;

6.    that the Claimant(s) submits (submit) to the jurisdiction of the Court with respect to his/her/its/their claim and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as the Claims Administrator or the Court may require;

11

8.   that the Claimant(s) waives (waive) the right to trial by jury, to the extent it exists, and agrees (agree) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.   that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.  that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (i) the Claimant(s) is (are) exempt from backup withholding; or (ii) the Claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends; or (iii) the IRS has notified the Claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. *If the IRS has notified the Claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.*

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant

_____          _____
Print Name of Claimant                                                 Date

_____
Signature of Joint Claimant, if any

_____          _____
Print Name of Joint Claimant, if any                              Date

*If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of Person Completing Form

_____          _____
Print Name of Person Completing Form                          Date

_____
Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, custodian, etc.

12

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, POSTAGE PREPAID, **POSTMARKED NO LATER THAN _____, 2012**, ADDRESSED AS FOLLOWS:

*Minneapolis Firefighters' Relief Association v. Medtronic, Inc.*
c/o Rust Consulting, Inc.
Claims Administrator
P.O. Box 2798
Faribault, MN 55021-9798

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2012 and if a postmark is indicated on the envelope, it is mailed First Class, and it is addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

1.  Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2.  Remember to attach only **copies** of acceptable supporting documentation.

3.  Please do not highlight any portion of the Claim Form or any supporting documents.

4.  Do not send original stock certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5.  Keep copies of the completed Claim Form and documentation for your own records.

6.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-866-590-8527.**

7.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address, by email at info@MDTSecuritiesSettlement, or at 1-866-590-8527, or visit www.MDTsecuritieslitigationsettlement.com.

#655457

13

# Exhibit A-3

Exhibit A-3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION,<br><br>                              Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., *et al.*,<br><br>                              Defendants. | Civil No. 08-6324 (PAM/AJB) |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED**
**SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION**
**FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:  All persons and entities who purchased or otherwise acquired the common**
**stock of Medtronic Inc. ("Medtronic") during the period from November 20,**
**2006 through and including November 17, 2008 (the "Class Period") and who**
**were damaged thereby.**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED**
**BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil
Procedure and an Order of the United States District Court for the District of Minnesota, (i) that
the above-captioned litigation (the "Action") has been certified as a class action on behalf of all
persons and entities who purchased Medtronic common stock during the period from November
20, 2006 through November 17, 2008 and who were damaged thereby (the "Class"), except for
certain persons and entities who are excluded from the Class by definition as set forth in the
Stipulation and Agreement of Settlement (the "Stipulation"); and (ii) that Lead Plaintiffs in the
Action have reached a proposed settlement of the Action with Defendants Medtronic, Arthur D.
Collins, William A. Hawkins, and Gary L. Ellis (the "Defendants") for $85 million in cash, plus
interest thereon, that, if approved, will resolve all claims in the Action.

A hearing will be held on November 8, 2012 at 9:45 a.m before The Honorable Paul A.
Magnuson, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert
Street, St. Paul, MN, 55101, to determine (i) whether the proposed Settlement should be
approved as fair, reasonable, and adequate; (ii) whether the Action should be fully and finally
dismissed with prejudice against Defendants, and the releases specified and described in the
Stipulation should be granted; (iii) whether the proposed Plan of Allocation should be approved
as fair and reasonable; and (iv) whether Lead Counsel's application for attorneys' fees and
reimbursement of expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), and the Proof of Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Minneapolis Firefighters' Relief Association v. Medtronic, Inc.,* c/o Rust Consulting, Inc., Claims Administrator, P.O. Box 2798, Faribault, MN 55021-9798, 1-866-590-8527. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.MDTsecuritieslitigationsettlement.com, or from representative Lead Counsel's websites, www.blbglaw.com and www.chestnutcambronne.com.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2012. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a Class Member and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than October 18, 2012, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to representative Lead Counsel and counsel for Defendants such that they are *received* no later than October 18, 2012, in accordance with the instructions set forth in the Notice.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the Notice, may be made to:

**Bernstein Litowitz Berger & Grossmann LLP**
Salvatore J. Graziano, Esq.
1285 Avenue of the Americas
New York, New York 10019

**Chestnut Cambronne PA**
Karl L. Cambronne, Esq.
17 Washington Avenue North, Suite 300
Minneapolis, MN 55401-2048

**Kessler Topaz Meltzer & Check, LLP**
Ramzi Abadou, Esq.
580 California Street, Suite 1750
San Francisco, CA 94104

**Grant & Eisenhofer P.A.**
Jeff A. Almeida, Esq.
123 Justison Street
Wilmington, DE 19801

**Motley Rice LLC**
James M. Hughes, Esq.
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

By Order of the Court

# 649203

2

# Exhibit B

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION, | Civil No. 08-6324 (PAM/AJB) |
| Plaintiffs, | |
| v. | |
| MEDTRONIC, INC., *et al*., | |
| Defendants. | |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

The Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;[1]

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Notice:** The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement (including the release of

---

[1] Unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation and Agreement of Settlement dated July 20, 2012.

Settled Claims[2] against each and all Released Parties, including Defendants, their past or present directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees, and/or administrators), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)) (the "PSLRA"), and all other applicable law and rules.

2.    **Final Settlement Approval and Dismissal of Claims:**    Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation  in all respects (including, without limitation, the amount of the Settlement; the releases provided for therein, including the release of any and all Settled Claims as against each and all Released Parties; and the dismissal with prejudice of claims against Defendants), and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of Lead Plaintiffs and the Class.  The Parties

---

[2] "Settled Claims" means all claims, rights, and causes of action of every nature and description whether based in law or in equity, whether known or unknown, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Class (i) asserted in the Consolidated Class Action Complaint dated August 21, 2009 or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, disclosures, statements, acts, matters or occurrences, representations or omissions, or any disclosures (or absence of disclosures) by Medtronic or any of its past or present officers, directors, employees, consultants, or agents or failure to act set forth or referred to or which could have been referred to in the Consolidated Class Action Complaint, arising out of or relating to the purchase or acquisition of Medtronic common stock during the Class Period.

are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions of the Stipulation.

3.      The Action and all of the claims against Defendants by Lead Plaintiffs and Class Members are hereby dismissed with prejudice, as of the Effective Date.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

4.      **Binding Effect:**   The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns.

5.      **Releases:**   The releases as set forth below, are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a)      Lead Plaintiffs and each of the other members of the Class on behalf of themselves, their heirs, executors, administrators, predecessors, successors, and assigns, shall be deemed by operation of law to have fully and finally released, to the fullest extent that the law permits their release in this Action, as against the Defendants, their past and/or present directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees, and/or administrators, all Settled Claims.  Settled Claims means all claims, rights and causes of action of every nature and description whether based in law or in equity, whether known or unknown, whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Class (i) asserted in the Consolidated Class Action Complaint dated August 21, 2009 (the "Complaint"), or (ii) could have asserted in any forum that arise out of or are based upon the allegations,

3

transactions, facts, disclosures, statements, acts, matters or occurrences, representations or omissions, or any disclosures (or absence of disclosures) by Medtronic or any of its past or present officers, directors, employees, consultants or agents or failure to act set forth or referred to or which could have been referred to in the Complaint, arising out of or relating to the purchase or acquisition of Medtronic common stock during the Class Period.

(b)     Each of the Defendants and each of the other Released Parties on behalf of themselves, their heirs, executors, administrators, predecessors, successors, and assigns, shall be deemed by operation of law to have fully and finally released, as against all plaintiffs in the consolidated action and any other Class Member, and their respective past and/or present directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees, and/or administrators, all Released Parties' Claims.  Released Parties' Claims means all claims, rights and causes of action of every nature and description, whether based in law or in equity, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants, except for claims relating to the enforcement of the settlement.

6.     **Rule 11 Findings:**  The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Action.

7.     **No Admissions:**  Neither this Judgment, the Stipulation, any of their terms and provisions, any of the negotiations, notices, proceedings or agreements connected therewith, nor any matters arising in connection with the settlement negotiations, proceedings, or agreement:

(a)      shall be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties;

(b)      shall be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against any of the Lead Plaintiffs or any other Class Members as evidence of any infirmity in the claims of Lead Plaintiffs or the other Class Members;

(c)      shall be offered or received against any of the Released Parties, or against any of the Lead Plaintiffs or any other Class Members, as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Parties, or against any of the Lead Plaintiffs or any other Class Members in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants, any other Released Parties, Lead Plaintiffs, and the other Class Members may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement;

(d)      shall be construed against any of the Released Parties, any of the Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that the

5

consideration given under the Settlement represents the amount which could be or would have been recovered after trial; nor

(e)     shall be construed against any of the Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

8.     **Retention of Jurisdiction**:  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement;  (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

9.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

10.     **Modification of Settlement Agreement:**   Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of

the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

11.     **Termination:**     If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

12.     **Entry of Final Judgment:**     There is no just reason to delay entry of this Judgment as a final judgment as against Defendants.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment and dismiss the Action with prejudice.

SO ORDERED this _____ day of _____, 2012.

_____
The Honorable Paul A. Magnuson
United States District Judge

# 649204

7