UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., *et al.*,<br><br>Defendants. | Civil No. 08-6324 (PAM/AJB) |

**ORDER PRELIMINARILY APPROVING**
**PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE**

The Court, having considered the Parties' joint motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, hereby enters the following order:[1]

1.  <u>Amendment to Class Certification Order to Correct Error:</u>  The Class Period certified in the Court's Order of December 12, 2011 (Dkt. #287) which was in error as being from November 20, 2006 through November 16, 2008, is hereby corrected to reflect an end date of November 17, 2008. Thus the certified Class is:

> All persons or entities who purchased or otherwise acquired Medtronic common stock during the class period, from November 20, 2006 through November 17, 2008, and who were damaged thereby.

> Excluded from the Class are (i) Defendants; (ii) members of the Immediate Family of each of the Individual Defendants; (iii) any person who was a Section 16 officer and/or Medtronic board member during the Class Period; (iv) any subsidiary of Medtronic; (v) any firm, trust, corporation or entity in which any Defendant has a Controlling Interest; and (vi) the legal

---

[1] Unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation and Agreement of Settlement dated July 20, 2012.

representatives, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are any persons or entities who exclude themselves by filing a request for exclusion that is accepted by the Court.

"Controlling Interest" means a Defendant shall be deemed to have a "controlling interest" in an entity (i) if such Defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock, or more than 50% of the partnership or other ownership interests, of such entity, (ii) if the entity is a trust, if such Defendant is the settlor of the trust, is a beneficiary of the trust, has the power to designate or remove beneficiaries of the trust, or has the power to direct distribution of the proceeds of the trust. Notwithstanding anything in this paragraph (l) to the contrary, no Defendant shall be considered to have a Controlling Interest in any trust established by Medtronic, Inc. (or its subsidiaries) that is intended to be a "qualified trust" within the meaning of Section 401(a) of the Internal Revenue Code.

2. **<u>Preliminary Approval of the Settlement</u>** – The Court hereby GRANTS the Motion for Preliminary Approval (Docket No. 324) and preliminarily approves the Settlement as embodied in the Stipulation (Docket No. 325) as being fair, reasonable, and adequate as to the Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

3. **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on November 8, 2012 at 9:45 a.m. at the Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, Minnesota, for the following purposes: (a) to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice and fully and finally releasing any and all Settled Claims[2] against each and all Released Parties,

---

[2] "Settled Claims" means all claims, rights, and causes of action of every nature and description whether based in law or in equity, whether known or unknown, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Class (i) asserted in the Consolidated Class Action Complaint dated August 21, 2009 or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, disclosures, statements, acts, matters or occurrences, representations or omissions, or any disclosures (or absence of disclosures) by Medtronic or any of its past or present officers, directors, employees,

defined as: Defendants, their past or present directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees, and/or administrators; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in Paragraph 5 of this Order.

4. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

5. **Retention of Claims Administrator and Manner of Notice** The law firms of Bernstein Litowitz Berger & Grossmann LLP; Kessler Topaz Meltzer & Check, LLP (f/k/a Barroway Topaz Kessler Meltzer & Check, LLP); Grant & Eisenhofer, P.A.; Motley Rice LLC; and Chestnut Cambronne PA ("Lead Counsel") are hereby authorized to retain Rust Consulting, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) not later than fifteen (15) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in the forms attached to the Stipulation (Docket No. 325) as Exhibits A-1 and A-2,

---

consultants, or agents or failure to act set forth or referred to or which could have been referred to in the Consolidated Class Action Complaint, arising out of or relating to the purchase or acquisition of Medtronic common stock during the Class Period.

respectively (together the "Notice Packet"), to be mailed by first-class mail to Class Members at the addresses set forth in the records of Medtronic or its transfer agent(s), or who otherwise may be identified through further reasonable effort by Lead Counsel;

(b) within seven (7) business days of the date of entry of this Order, Medtronic shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Plaintiffs, Lead Counsel or the Claims Administrator) shareholder names and addresses, in electronic form, identifying all persons and entities who purchased or acquired Medtronic common stock during the Class Period so far as Medtronic's records show;

(c) not later than ten (10) business days after the Notice Date (the "Publication Notice Date"), the Claims Administrator shall cause the Summary Notice, substantially in the form attached to the Stipulation as Exhibit A-3, to be published once in *The Wall Street Journal* and in *Investors' Business Daily* and to be transmitted once over the *PR Newswire*; and

(d) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached to the Stipulation as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 5 of this Order (i) is the best notice practicable under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the

release of any and all Settled Claims against each and all Released Parties contained therein) and of their right to object to the proposed Settlement, exclude themselves from the Class and appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Publication Notice before they are mailed and published, respectively.

7.  **Nominee Procedures** – Brokers and other nominees who purchased or acquired Medtronic common stock during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

8. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit the Claim Form approved by this Order in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her

or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the release of any and all Settled Claims against each and all Released Parties provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Settled Claims against each and all of the Released Parties.

      11.    **<u>Exclusion From the Class</u>** – Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Minneapolis Firefighters Relief Association v. Medtronic, Inc.* - EXCLUSIONS, c/o Rust Consulting, Inc., P.O. Box 2798, Faribault, MN, 55021-9798 and (b) that each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Class in *Minneapolis Firefighters Relief Association v. Medtronic, Inc.,* Civil No. 08-6324 (PAM/AJB)"; (iii) state the number of shares of Medtronic common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

12. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

13. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the release of any and all Settled Claims against each and all Released Parties as provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Settled Claims against any of the Released Parties.

14. **<u>Appearance and Objections at Fairness Hearing</u>** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both representative Lead Counsel and to representative Defendants' Counsel listed in Paragraph 15 below such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

15. Any member of the Class who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or the

motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; <u>provided</u>, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection in the manner provided in the Notice such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing on each of the following:

REPRESENTATIVE LEAD COUNSEL FOR PLAINTIFFS:

Bernstein Litowitz Berger & Grossmann LLP
Attn: Salvatore J. Graziano
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

AND

Chestnut Cambronne PA
Attn: Karl L. Cambronne
17 Washington Avenue North
Suite 300
Minneapolis, MN 55401
Telephone: (612) 339-7300
Facsimile: (612) 336-2940

AND COUNSEL FOR DEFENDANTS:

Dorsey & Whitney LLP
Attn: Peter W. Carter
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Kirkland & Ellis LLP
Attn: Emily Nicklin
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2387
Facsimile: (312) 862-2200

16. Any objections, filings, and other submissions by the objecting Class Member (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of his, her, or its objection, as well as the specific reasons for each objection, including the legal and evidentiary support the Class

Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove the number of shares of Medtronic common stock purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase and/or sale.

17. Any member of the Class who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to the Settlement, the Plan of Allocation, and the motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

18. **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending the Settlement Hearing, the Court enjoins Lead Plaintiffs and all other Class Members from commencing or prosecuting, either directly, indirectly, representatively, or in any other capacity, any and all of the Settled Claims against each and all of the Released Parties.

19. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying and notifying Class Members as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

20. **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court.

22. **Termination of Settlement** – If the Stipulation is terminated, the Settlement is not approved, or the Effective Date of the Stipulation does not occur, this Order shall become null and void and be without prejudice to the rights of Lead Plaintiffs, the other Class Members and Defendants, and the Parties shall be deemed to have reverted to their respective status in this Action immediately prior to March 28, 2012, as provided in the Stipulation.

23. **Use of this Order** – This Order, the proposed Settlement, the Stipulation, and any and all of their respective terms (and all negotiations, notices, discussions, and proceedings in connection therewith): (a) shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the proposed Settlement; (b) shall not be described as, construed as, interpreted as, or offered or received against any of the Defendants as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Defendant as to any liability, negligence, fault, or wrongdoing on its or his part or the validity of any claim by Lead Plaintiffs or the merits of any of its defenses; and (c) shall not be described as, construed as, interpreted as, or offered or received against any of the Lead Plaintiffs or any other Class Member as evidence of any infirmity in the claims of Lead Plaintiffs and the Class or that the damages recoverable from Defendants would not have exceeded the Settlement Amount.

24. **Supporting Papers** – Lead Counsel shall file and serve papers in support of the proposed Settlement no later than thirty-five (35) calendar days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 23rd of July, 2012.

                                        *s/ Paul A. Magnuson*
                                        Paul A. Magnuson
                                        United States District Court Judge

\# 649201