# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---------------------------------------------------------- x
KEVIN CORNWELL, Individually and On : Civil Action No. 08-cv-03758(VM)
Behalf of All Others Similarly Situated, : **(Consolidated)**
:
Plaintiff, : <u>CLASS ACTION</u>
:
vs. : ORDER AWARDING
: ATTORNEYS' FEES AND EXPENSES
CREDIT SUISSE GROUP, et al., :
:
Defendants. :
:
---------------------------------------------------------- x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/11
```

635891_1

THIS MATTER having come before the Court on July 18, 2011, on the motion of Lead Plaintiffs' counsel for an award of attorneys' fees and expenses incurred in the Action; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of the Action to be fair, reasonable, and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement dated March 7, 2011.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Settlement Class who have not timely and validly requested exclusion.

3. Counsel for the Lead Plaintiffs are entitled to a fee paid out of the common fund created for the benefit of the Settlement Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). In class action suits where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is the proper approach. *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). The Second Circuit recognizes the propriety of the percentage-of-the-fund method when awarding fees. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).

4. Lead Plaintiffs' counsel have moved for an award of attorneys' fees of 27.5% of the Settlement Fund, plus interest.

5. This Court adopts the percentage-of-recovery method of awarding fees in this case, and concludes that the percentage of the benefit is the proper method for awarding attorneys' fees in this case.

635891_1

6. The Court hereby awards attorneys' fees of 27.5% of the Settlement Fund, plus interest at the same rate as earned on the Settlement Fund. The Court finds the fee award to be fair and reasonable. The Court further finds that a fee award of 27.5% of the Settlement Fund is consistent with awards made in similar cases.

7. Said fees shall be allocated among plaintiffs' counsel by Co-Lead Counsel in manner which, in their good faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action.

8. The Court hereby awards expenses in an aggregate amount of $285,072.62, plus interest.

9. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered each of the applicable factors set fort in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). In evaluating the *Goldberger* factors, the Court finds that:

(a) Counsel for Lead Plaintiffs expended considerable effort and resources over the course of the Action researching, investigating and prosecuting Lead Plaintiffs' claims. Lead Plaintiffs' counsel have represented that they have reviewed tens of thousands of pages of documents, interviewed witnesses and opposed legally and factually complex motions to dismiss. The parties also engaged in settlement negotiations that lasted several months. The services provided by Lead Plaintiffs' counsel were efficient and highly successful, resulting in an outstanding recovery for the Settlement Class without the substantial expense, risk and delay of continued litigation. Such efficiency and effectiveness supports the requested fee percentage.

(b) Cases brought under the federal securities laws are notably difficult and notoriously uncertain. *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. MDL 1500, 2006 U.S. Dist. LEXIS 17588, at *31 (S.D.N.Y. Apr. 6, 2006). "[S]ecurities actions have become more

difficult from a plaintiff's perspective in the wake of the PSLRA." *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000). Despite the novelty and difficulty of the issues raised, and the procedural posture of the case, Lead Plaintiffs' counsel secured an excellent result for the Settlement Class.

(c) The recovery obtained and the backgrounds of the lawyers involved in the lawsuit are the best evidence that the quality of Lead Plaintiffs' counsel's representation of the Settlement Class supports the requested fee. Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. Their efforts in efficiently bringing the Action to a successful conclusion against the Defendants are the best indicator of the experience and ability of the attorneys involved. In addition, Defendants were represented by highly experienced lawyers from a prominent firm. The standing of opposing counsel should be weighed in determining the fee, because such standing reflects the challenge faced by plaintiffs' attorneys. The ability of Lead Plaintiffs' counsel to obtain such a favorable settlement for the Settlement Class in the face of such formidable opposition confirms the superior quality of their representation and the reasonableness of the fee request.

(d) The requested fee of 27.5% of the settlement is within the range normally awarded in cases of this nature.

- 3 -

(e) Public policy supports the requested fee, because the private attorney general role is "'vital to the continued enforcement and effectiveness of the Securities Acts.'" *Taft v. Ackermans*, No. 02 Civ. 7951(PKL), 2007 U.S. Dist. LEXIS 9144, at *33 (S.D.N.Y. Jan. 31, 2007) (citation omitted).

(f) Lead Plaintiffs' counsel's total lodestar is $4,049,631.50. A 27.5% fee represents a multiplier of 4.7. Given the public policy and judicial economy interests that support the expeditious settlement of cases, *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 373 (S.D.N.Y. 2002), the requested fee is reasonable.

10. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Co-Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Settlement Agreement and in particular ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

IT IS SO ORDERED.

Dated: New York, NY

_18 July_, 2011

THE HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2011, I submitted the foregoing to <u>orders and judgments@nysd.uscourts.gov</u> and e-mailed to the e-mail addresses denoted on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 11, 2011.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: elleng@rgrdlaw.com

Bernard M. Gross
THE LAW OFFICE OF BERNARD M. GROSS, P.C.
100 Penn Square East, Suite 450
Juniper and Market Streets
Philadelphia, PA 19107