# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re PEMSTAR, INC. SECURITIES LITIGATION | Master File No. 02-1821 (DWF/SRN) <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS | **ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |

THIS MATTER having come before the Court on May 26, 2005, on the application of Lead Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses incurred in the litigation; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this litigation to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefor;

**IT IS HEREBY ORDERED ADJUDGED AND DECREED** that:

1. All of the capitalized terms used herein shall have the same meaning as set forth in the Stipulation and Agreement of Settlement dated as of March 14, 2005 (the "Stipulation").

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Settlement Class who have not timely and validly requested exclusion.

3. The Court has the discretion to use either the lodestar method or the percentage-of-the-benefit method in awarding attorneys' fees and the Eighth Circuit has indicated that the percentage method is preferred in common fund situations. *See Johnston v. Comerica Mortgage*

*Corp.*, 83 F.3d 241, 246 (8th Cir. 1996). The Court concludes that the percentage-of-the-benefit method is the proper method for awarding attorneys' fees in this case.

4. Having reviewed applicable Eighth Circuit authority and Lead Plaintiffs' counsel's submission, the Court hereby awards attorneys' fees of $25% of the Settlement Cash, and reimbursement of expenses in an aggregate amount of $482,923.10 together with interest for the same time period and at the same rate as that earned on the Settlement Cash until paid. Said fees and expenses shall be allocated among plaintiffs' counsel in a manner which, in Plaintiffs' Lead Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution and resolution of the litigation.

5. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund, subject to the terms, conditions and obligations of the Stipulation and in particular ¶6.2 thereof, which terms, conditions and obligations are incorporated herein.

6. Pursuant to 15 U.S.C. § 78u-4(a)(4), representative plaintiff Keith Hewlett, Jr. is awarded the amount of $17,277.00 for reimbursement of his expenses (including lost wages) incurred in representing the Settlement Class.

**IT IS SO ORDERED.**


Dated: May 27, 2005  s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court

2