# Exhibit 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

KK MOTORS and
CHECKMATE BOATS, INC.,

Plaintiffs,

v.

BRUNSWICK CORPORATION,

Defendant.

Civil No. 98-2307 (JRT/RLE)

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF SETTLEMENT, AWARDING ATTORNEYS' FEES AND DISMISSING THE ACTION**

---

Charles N. Nauen, LOCKRIDGE GRINDAL NAUEN, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401-2179; and K. Craig Wildfang and Brooks Poley, WINTHROP & WEINSTINE, 3000 Dain Rauscher Plaza, 60 South Sixth Street, Minneapolis, MN 55402, for plaintiffs.

John D. French, FAEGRE & BENSON, 2200 Norwest Center, 90 South Seventh Street, Minneapolis, MN 55402-3901; and Gordon C. Atkinson, COOLEY GODWARD, One Maritime Plaza, 20th Floor, San Francisco, CA 94111, for defendant.

This matter is before the Court for final approval of the settlement agreement and counsel's request for attorney fees. The Court has reviewed the pleadings, the Agreement of Settlement entered into among the parties dated December 20, 1999, the Notice of Pendency and Settlement of Class Action, which was previously approved by this Court by Order dated January 7, 2000, and the parties' submissions, including the sole objection filed by a class member. The Court also heard the arguments of counsel with respect to this

FILED  MAR 0 6 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. _____
DEPUTY CLERK _____

objection and to final approval of the settlement and the petition for attorney fees and reimbursement of expenses at a hearing on March 2, 2000. For the reasons set forth below, the Court overrules the objection and approves the settlement and petition for attorney fees and expenses.

### A. Settlement

The parties in this antitrust class action have reached a $30 million settlement. While one class member, Godfrey Conveyor Co. ("Godfrey"), has objected to the attorney fees, no class member has objected to the settlement, and indeed, counsel for Godfrey indicated that he thought this settlement represents the best deal his client could obtain. Other class members have had similarly favorable comments regarding the settlement. Based upon a review of the materials described above and the argument of counsel, the Court finds that the settlement is fair, reasonable, and adequate, and should be finally approved. First, the settlement amount balanced against the substantial risks of continued litigation strongly supports the settlement. Second, the settlement is recommended by the favorable opinions of case participants which are reflected both in counsel's strong endorsement of the settlement and the lack of objections and opt-outs from class members, many of whom are large commercial enterprises with substantial claims. Third, absent settlement, protracted and complex future litigation activity appears to be a certainty. Fourth, because counsel were involved in *Concord Boat Corp. v. Brunswick Corp.*, No. 95-751 (E.D. Ark.), a fully litigated parallel case, they are highly familiar with the strengths and weaknesses of the case and,

therefore, were able to complete a fully informed evaluation of settlement merits. Finally, it is apparent that defendant is a formidable adversary and that the settlement is not the product of collusion. Accordingly, the settlement is approved.

### B. Attorney Fees and Expenses

Counsel request an award of fees and costs in the amount of one-third of the settlement fund, and also request reimbursement of $42,466.82 in expenses. In making attorneys' fee awards, it is the overwhelming trend among courts to apply the percentage approach in common fund situations. Indeed, "it is well established in this circuit that a district court may use the 'percentage of the fund' methodology to evaluate attorneys' fees in common fund settlements." *Petronic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999). A review of other cases of this kind, where class counsel undertook the representation on a contingent basis in a complex and risky case, demonstrates that a one-third fee recovery is fair and reasonable compensation. *See, e.g., In re Airline Ticket Comm'n Antitrust Litig.*, 953 F. Supp. 280, 286 (D. Minn. 1997). Furthermore, in the *Concord* case, Judge Moody of the United States District Court for the Eastern District of Arkansas awarded total fees and expenses in excess of $9 million, which approximates the fee award in this case. Although it is true that counsel in this case have the benefit of the earlier litigation and favorable judgment, it is far from certain that they could have used offensive collateral estoppel to establish liability in this case because some class members, including Godfrey, had ample opportunity to join in the *Concord* action and consciously chose otherwise. *See Parkland*

*Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979) (stating that offensive collateral estoppel should not be used when the plaintiff could have joined in the earlier action). The Court thus finds that the favorable judgment in *Concord* does not diminish the reasonableness of counsel's requested fee in this case.

Godfrey, the sole objecting class member, is a member of Independent Boat Builders, Inc. ("IBBI"), which was one of the plaintiffs in the *Concord* case. Godfrey chose not to join in that action, but as a member of IBBI it paid approximately $104,398 in litigation fees.[1] Although at the hearing Godfrey attacked the reasonableness of the overall fee, Godfrey's only requested relief is that its recovery not be reduced by any amount for counsel fees. At the outset, the Court notes that this requested relief is individual to Godfrey, and is not an objection on behalf of the class. As such, Godfrey had a more appropriate remedy; it could have opted out of the class. Since it has not done so, it is apparent that Godfrey views the settlement as in its best interests.

More importantly, however, Godfrey paid counsel fees in the earlier action as a result of its choice to be a member of IBBI, and the Court can only conclude that Godfrey made a conscious business decision that the benefits of membership in that organization are worth such dues and fees as it is required to pay. Thus, although Godfrey will not share in any of the possible recovery in that case (a circumstance which is of Godfrey's own making), it

---

[1] The *Concord* case is currently on appeal before the Eighth Circuit. Class counsel point out that IBBI will reimburse Godfrey should it prevail on appeal or recover through settlement. Because it is not certain that Godfrey will be reimbursed, however, the Court has not taken this circumstance into consideration.

would seem that Godfrey has nevertheless received something of value in return for its payments. In addition, counsel are entitled to recover from the class fund because their work conferred a benefit on the class. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). This principle is as applicable to Godfrey as it is to the remainder of the class; without counsel's effort in this case, Godfrey would recover nothing. Godfrey's payment amounts to just over 1% of the total fees and costs that the court awarded in *Concord*, which is not a substantial amount in comparison both to the amount of work counsel undertook and the benefit Godfrey stands to receive in this case. The Court therefore concludes that requiring Godfrey to share responsibility for counsel fees in this case is not unreasonable or unfair. Accordingly, Godfrey's objection is overruled, and the Court approves an attorney fee award in the amount of one-third of the settlement fund in addition to reimbursement for expenses.

### ORDER

Based on the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The settlement is finally approved as being fair, reasonable, and adequate;

2. The proposed Plan for Settlement Fund Allocation, Contingent Incentive Awards, and Claim Perfection, attached hereto as Exhibit "A" is approved;

3. Attorney fees and costs in the amount of one-third of the Settlement Fund are awarded to Plaintiffs' counsel;

4. Expenses in the amount of $42,466.82 are awarded to Plaintiffs' counsel as reimbursement of costs incurred;

5. The Settlement Administrator, in consultation with Plaintiffs' attorneys, is authorized and directed to take all steps necessary to effectuate the terms of the settlement and to cause the distribution thereunder to be made;

6. The Court has jurisdiction over this subject matter hereof and the parties herein;

7. The definitions and terms set forth in the Settlement Agreement are hereby incorporated in this Order and Judgment;

8. The Court confirms its previous preliminary findings in the Settlement Notice and Hearing Order, and hereby finds that the Action meets all the prerequisites of Rule 23(b)(3), Fed. R. Civ. P., including numerosity, ascertainability, community of interest, predominance of common issues, superiority, and typicality;

9. Plaintiffs and their counsel are adequate representatives of the Settlement Class;

10. The Settlement Class is hereby certified for settlement purposes;

11. This Order and Judgment has been entered without any admission by any of the parties as to the merits of any of the allegations in the Complaint and shall not constitute a finding of either fact or law as to the merits of any of those claims or a finding as to any obligations of Defendant to take any action agreed to be done or avoided herein as necessary to bring it into compliance with the law;

12. The Action is hereby dismissed on the merits, with prejudice, and without cost (except as otherwise provided in the Settlement Agreement);

13. Upon the Effective Date, each Settlement Class Member, for good and sufficient consideration, shall be deemed to have, and by operation of this Order and Judgment, will have, fully, finally and forever released, relinquished and discharged all Released Claims (including "Unknown Claims") against the Released Parties;

14. In accordance with the provisions of the Settlement Agreement, for good and sufficient consideration, the receipt of which is hereby acknowledged, upon the Effective Date: (a) Defendant shall be deemed to have, and by operation of this Order and Judgment shall have, fully, finally and forever released, relinquished and discharged Plaintiffs and their counsel in the Action from any claims (including "Unknown Claims"), for abuses of process, malicious prosecution or any other claim arising out of, relating to, or in any way connected with the institution, prosecution, assertion or resolution of this Action; and (b) each Settlement Class Member shall be deemed to have, and by operation of the Order and Judgment shall have, fully, finally and forever released, relinquished and discharged the Defendant and its counsel in the Action from any claims (including "Unknown Claims"), for abuses of process, malicious prosecution or any other claim arising out of, relating to, or in way connected with, the defense or resolution of the Action;

15. Having held the March 2, 2000 Settlement Hearing, and having considered the evidence submitted by the parties, the Court hereby finds that the Settlement Agremeent was entered into in good faith between Plaintiffs, the Settlement Class Members and Defendant;

16. Plaintiffs, all Settlement Class Members, and all Released Parties are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims or any of the claims described in paragraph 14 of this Order and Judgment against any of the Plaintiffs, Settlement Class Members, and all Released Parties, including Defendant;

17. Without affecting the finality of this Order and Judgment in any way, this Court hereby reserves continuing jurisdiction over: (a) implementation of the Settlement; (b) the Action until this Order and Judgment becomes final and each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreement; (c) all matter relating to the administration and consummation of the Settlement Agreement and all exhibits thereto; and (d) all parties to the Action for the purpose of implementing, enforcing, monitoring, ensuring compliance, effectuating, administering and interpreting the provisions of both the Settlement Agreement and this Order and Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 6, 2000.

*/s/ John R. Tunheim*
JOHN R. TUNHEIM
United States District Judge

# EXHIBIT A

## Plan for Settlement Fund Allocation, Contingent Incentive Awards and Claim Perfection

### I. Settlement Fund Allocation

Two basic approaches exist by which the Settlement Fund theoretically could be distributed to Class Members. The Settlement Fund may be distributed: (a) based on the unit volume of qualifying engines purchased during the class period (the "Unit Method"); or (b) based on the dollar volume of qualifying engines purchased during the class period (the "Dollar Method").

Under the Unit Method, each Class Member's distribution from the Settlement Fund could be calculated as a percentage by dividing the Class Member's number of qualifying engine units by the total number of qualifying engines purchased by all Class Members. Thus, assuming total Class engine units during the Class Period of 54,000, a Class Member with 1,080 qualifying engine purchases during the Class Period would be entitled to 2% of the Net Settlement Fund (i.e., the Settlement Fund minus attorneys' fees and costs as approved by the Court).

Under the Dollar Method, each Class Member's distribution from the Settlement Fund could be calculated as a percentage by dividing the Class Member's dollar volume of qualifying engines by the total dollar volume of qualifying among all Class Members. Thus, assuming total Class engine dollar volume during the Class Period of $390,000,000, a Class

Member with $7,800,000 in qualifying engine purchases during the Class Period would be entitled to 2% of the Net Settlement Fund.

Recognizing that each method is arguably a reasonable method to use, but also that different Class Members are relatively advantaged depending on which of the distribution methods is utilized, the Court determines that ½ weight will be allocated to each methodology (the "Blended Method"). Because the Blended Method, which shall be followed, attributes ½ weight to the Unit Method and ½ weight to the Dollar Method, it yields the most equitable result.

## II. Contingent Incentive Awards

The Court approves contingent incentive awards to the representative Plaintiffs, KK Motors and Checkmate Boats, Inc. Such awards will compensate the representative Plaintiffs for their contributions to the action including, *inter alia*, document productions, being deposed, evaluating the progress of the litigation and its settlement, and accepting the business risk of confronting the major supplier to boatbuilders. The Court approves contingent incentive awards pursuant to which each of the representative Plaintiffs may receive a total amount from the Settlement Fund equal to the amount each would receive if the distribution were based exclusively on the methodology most advantageous to them. Such incentive awards will be funded only by and limited to amounts unperfected by Class Members. Thus, for example, the amount of an incentive award to KK Motors will be calculated by subtracting KK Motors' distribution under the Blended Method from the distribution which KK Motors would receive under the Unit Method. Such incentive awards

will be paid only to the extent that claims are not perfected thereby leaving available funds. The balance of any unperfected funds, in excess of any needed to pay the contingent incentive awards, will become part of the Net Settlement Fund to be distributed to Class Members who properly perfect their claim(s).

### III. Claim Perfection

In order to perfect their claims, Class Members must only return to the Settlement Administrator a completed form from the bottom of the letter previously furnished to them with the Class Notice (*see* Exhibit 1 to the Declaration of the Settlement Administrator) and provide their correct name, address, and taxpayer identification number. For those Class Members who have not yet returned the completed form, the following additional efforts will be undertaken to encourage and assist Class Members in perfecting their claim(s):

(a) On or before March 8, 2000: a mailing will be sent out to all Class Members whose claim is unperfected advising of the need to perfect their claim on or before April 10, 2000;

(b) On or before March 22, 2000: another mailing will be sent to all Class Members whose claim is unperfected advising of the need to perfect their claim on or before April 10, 2000;

(c) On or before March 29, 2000: telephone calls will be placed to the best available telephone number(s) for all Class Members whose claim is unperfected advising of the need to perfect their claim on or before April 10, 2000; and

(d) On or before April 5, 2000: telephone calls will be placed to the best available telephone number(s) for all Class Members whose claim is unperfected advising of the need to perfect their claim on or before April 10, 2000.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.