UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minneapolis Firefighters' Relief Association, individually and on behalf of all others similarly situated; Union Asset Management Holding AG; Oklahoma Firefighters Pension Fund; Carpenters Annuity Trust Fund for Northern California; Carpenters Pension Trust Fund for Northern California;<br><br>    Plaintiffs,<br><br> v.<br><br>Medtronic, Inc.; Arthur D. Collins, Jr.; William A. Hawkins, III; and Gary Ellis;<br><br>    Defendants. | Court File No. 0:08-cv-06324-PAM-AJB |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

The Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;[1]

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Notice:** The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class

---

[1] Unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation and Agreement of Settlement dated July 20, 2012.

Members of the pendency of the Action, of the effect of the Settlement (including the release of Settled Claims[2] against each and all Released Parties, including Defendants, their past or present directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees, and/or administrators), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)) (the "PSLRA"), and all other applicable law and rules.

2. **Final Settlement Approval and Dismissal of Claims:**  Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement; the releases provided for therein, including the release of any and all Settled Claims as against each and all Released Parties; and the dismissal with prejudice of claims against Defendants), and finds that the Settlement is, in all respects, fair,

---

[2] "Settled Claims" means all claims, rights, and causes of action of every nature and description whether based in law or in equity, whether known or unknown, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Class (i) asserted in the Consolidated Class Action Complaint dated August 21, 2009 or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, disclosures, statements, acts, matters or occurrences, representations or omissions, or any disclosures (or absence of disclosures) by Medtronic or any of its past or present officers, directors, employees, consultants, or agents or failure to act set forth or referred to or which could have been referred to in the Consolidated Class Action Complaint, arising out of or relating to the purchase or acquisition of Medtronic common stock during the Class Period.

reasonable, and adequate, and is in the best interests of Lead Plaintiffs and the Class.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions of the Stipulation.

3. The Action and all of the claims against Defendants by Lead Plaintiffs and Class Members are hereby dismissed with prejudice, as of the Effective Date.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

4. **Binding Effect:**  The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns.  Persons and entities who requested exclusion or on whose behalf exclusion was requested, as set forth on Exhibit A hereto, are pursuant to those requests, excluded from the Class.  They are not Class Members and neither the terms of the Stipulation or of this Judgment have a binding effect on any of them.

5. **Releases:**  The releases as set forth below are effective as of the Effective Date.  Accordingly, this Court orders that, as of the Effective Date:

(a) Lead Plaintiffs and each of the other members of the Class on behalf of themselves, their heirs, executors, administrators, predecessors, successors, and assigns, shall be deemed by operation of law to have fully and finally released, to the fullest extent that the law permits their release in this Action, as against the Defendants, their past and/or present directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees, and/or administrators, all Settled Claims.  Settled Claims means all claims, rights and causes of action of every nature and

description whether based in law or in equity, whether known or unknown, whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Class (i) asserted in the Consolidated Class Action Complaint dated August 21, 2009 (the "Complaint"), or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, disclosures, statements, acts, matters or occurrences, representations or omissions, or any disclosures (or absence of disclosures) by Medtronic or any of its past or present officers, directors, employees, consultants or agents or failure to act set forth or referred to or which could have been referred to in the Complaint, arising out of or relating to the purchase or acquisition of Medtronic common stock during the Class Period.

       (b)     Each of the Defendants and each of the other Released Parties on behalf of themselves, their heirs, executors, administrators, predecessors, successors, and assigns, shall be deemed by operation of law to have fully and finally released, as against all plaintiffs in the consolidated action and any other Class Member, and their respective past and/or present directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees, and/or administrators, all Released Parties' Claims.  Released Parties' Claims means all claims, rights and causes of action of every nature and description, whether based in law or in equity, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants, except for claims relating to the enforcement of the settlement.

     6.    **Rule 11 Findings:**  The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal

Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Action.

7. **No Admissions:** Neither this Judgment, the Stipulation, any of their terms and provisions, any of the negotiations, notices, proceedings or agreements connected therewith, nor any matters arising in connection with the settlement negotiations, proceedings, or agreement:

(a) shall be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties;

(b) shall be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against any of the Lead Plaintiffs or any other Class Members as evidence of any infirmity in the claims of Lead Plaintiffs or the other Class Members;

(c) shall be offered or received against any of the Released Parties, or against any of the Lead Plaintiffs or any other Class Members, as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Parties, or against any of the Lead Plaintiffs or any other Class Members in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants, any other Released Parties, Lead Plaintiffs,

and the other Class Members may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement;

(d) shall be construed against any of the Released Parties, any of the Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that the consideration given under the Settlement represents the amount which could be or would have been recovered after trial; nor

(e) shall be construed against any of the Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

8. **Retention of Jurisdiction**:  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

9. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

10. **Modification of Settlement Agreement:**  Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such

amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

11.     **Termination:**  If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

12.     **Entry of Final Judgment:**  There is no just reason to delay entry of this Judgment as a final judgment as against Defendants.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment and dismiss the Action with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

SO ORDERED this 8th day of November, 2012.

*s/ Paul A. Magnuson*
The Honorable Paul A. Magnuson
United States District Court Judge

## Exhibit A

1. Linda D. Adams IRA
   Edmonds, WA

2. Amie Allen
   Midhurst, ON  CANADA

3. Am-Con Industries, Inc.
   by Patrick Connelly

4. Susan and Stephen Ashbourne
   Oakville, ON  CANADA

5. Colin C. Barnes
   Delhi, ON  CANADA

6. Estate of Gerhard Bartel
   by Wilf Bartel, Executor
   Calgary, AB  CANADA

7. Ronald Baxter and
   Marilyn Baxter
   Ancaster, ON  CANADA

8. Anne West as beneficiary of
   Estate of John J. Beaton
   Ancaster, ON  CANADA

9. Bella Rose Arts Centre Society
   (f/k/a Halifax West Community
   Theatre Association)
   by Gary K. O'Hara
   Halifax, NS  CANADA

10. Steen Bender
    Roskilde, DENMARK

11. Sheila A. Berry
    Parksville, BC  CANADA

12. Teresa D. Brabandere
    Damme BELGIUM

13. Marlin C. Brant
    Westbrook, ME

14. Brian Rossy Holdings Ltd.
    by Brian Rossy
    Ville Mont-Royale, QC CANADA

15. Estate of Lucille Brownrigg
    by Robert Brownrigg
    Longueuil, QC  CANADA

16. Diane C. Cameron
    Bedford, NS  CANADA

17. Clarence Carline
    Dorothy Carline
    Victoria, BC  CANADA

18. David E. Carls and
    G. Carol Carls
    Edina, MN

19. Margaret M. Case
    Los Gatos, CA

20. Raymond P. Cekalla and
    Gloria J. Cekalla
    Oakdale, MN

21. Audrey Chelberg
    Walker, MN

22. Jay Y. Cherner
    Edina, MN

23. Joyce E. Cialkowski (IRA) and
    Joyce E. Cialkowski as beneficiary
    of Estate of Edward M.
    Cialkowski (IRA)
    South Holland, IL

24. Janine Conrad and
    Norbert Conrad
    Kaslo, BC  CANADA

25. Barbara Cox as beneficiary of
    Estate of Charles A. Cox
    Fort Worth, TX

26. Eleazar Diaz and
    Guadalupe Diaz
    Las Vegas, NV

27. Peter Duda
    Kabelsketal GERMANY

28. Estate of Robert W. Duer
    by Leslie Owen
    Alta Loma, CA

29. Mary Ellen Feidelman
    Winter Springs, FL

30. Andrew R. Feyes
    Northwood, OH

31. Estate of Gordon Fong
    by Mike Fong, Executor
    Vancouver, BC  CANADA

32. Sidney Fosdick and
    Emma Fosdick
    Qualicum Beach, BC  CANADA

33. Derek Griffiths and
    Mary Griffiths
    Edmonton, AB  CANADA

34. Guardian Investments Ltd.
    by H.L. Waddell, President
    West Vancouver, BC

35. David W. Hoffmann and
    Donna Kay Hoffman
    Kent, WA

36. Melody Hopponen
    Brooklyn Park, MN

37. Emma Jean Iverson
    Granite Falls, MN

38. Marc Jaspers
    Ophain-Bois-Seigneur-Isaac
    BELGIUM

39. Donald Jinnouchi
    on behalf of himself,
    Francoise Jinnouchi and
    Jinnouchi Holdings Ltd.
    Coquitlam, BC  CANADA

40. Gerald D. Just and
    Darlene D. Just
    Moorhead, MN

41. Michael Kalef
    Vancouver, BC  CANADA

42. Jane B. Kane
    Havertown, PA

43. Douglas Keary
    Port Severn, ON CANADA

44. Melisa Anne Kennedy
    Mississauga, ON  CANADA

45. Scott Klempner
    Chandler, AZ

46. Kolbuc Investments Ltd.
    by Cheryl Kolbuc
    Edmonton, AB CANADA

47. Pauline Kundis
    Winter Park, FL

48. Middie Lam
    Siu Sai Wan, HONG KONG

49. Liliane Le Blanc
    Montreal, QC CANADA

50. Maurice and Eileen le Gallais
    Vancouver, BC CANADA

51. Esther Li and Tai-Ping Li
    Scarborough, ON CANADA

52. Nancy C. Lloyd
    Moraga, CA

53. Jo Logan
    CANADA

54. Logistique Canamex Inc.,
    Canaroute Inc. and
    Gestion SJG Inc.
    by Richard Allaire
    Boisbriand, QC CANADA

55. Alexander R. MacKenzie
    Quincy, MA

56. Margaret MacLean and
    Fraser MacLean
    Victoria, BC CANADA

57. Bonney Major and
    Thomas Major
    Victoria, BC CANADA

58. Edgar D. Marburger
    Mishawaka, IN

59. Jyunji Mashio
    Tokyo, Japan

60. Kathryn Mauro
    Burnaby, BC CANADA

61. Marguerite McDevitt
    Mohave Valley, AZ

62. José Manuel Mendoza Morales
    Tijuana, B.C. MEXICO

63. Lisa A. (Buckler) Meyer
    Collierville, TN

64. Midas Makers Investment Club
    by Roslyn Regudon, Co-Treas.
    Lynnwood, WA

65. Giovanni Moretti
    Vienna AUSTRIA

66. Lynne E. Munro
    London, ON CANADA

67. Mary M. Nash and John C. Nash
    Ottawa, ON CANADA

68. Myrna Jean Noujaim
    Edmonton, AB CANADA

69. Orth Trust UA 01/18/2000
    by Elaine M. Orth and
    Francis J. Orth, Trustees
    Newton, WI

70. Dan Ose
    South St. Paul, MN

71. Kent A. Page
    Mississauga, ON  CANADA

72. Patricia Page
    Mississauga, ON  CANADA

73. Richard E. Papke and
    Mary Ann M. Papke
    Blaine, MN

74. Margaret Peel and Ronald Peel
    Surrey, BC  CANADA

75. Dana M. Perkins
    Golden Valley, MN

76. David H. Pihl
    Kelowna, BC  CANADA

77. Robert Northey Plank
    and Inge Plank
    Kelowna, BC  CANADA

78. Sandra Rayson Poon
    Regina, SK  CANADA

79. Roy E. Pope
    Stacy, MN

80. Virginia H. Rahja
    Tulsa, OK

81. Tony Rashed
    Kirkland, QC  CANADA

82. Margaret Ronvel
    Saskatoon, SK  CANADA

83. Elizabeth P. Rowcliffe
    Hensall, ON  CANADA

84. Gilles Roy
    Quebec, QC  CANADA

85. Harold G. Rueth Jr. Living Trust
    U/A DTD Dec. 17, 1992
    by Harold G. Rueth, Jr., Trustee
    Griffith, IN

86. Colin Albert Harry Russ and
    Zsuzsanna Russ
    Folkestone, Kent
    UNITED KINGDOM

87. Ronald R. Schlemer
    Denton, MD

88. Margaret A. Schlichting and
    James J. Schlichting
    Cushing, MN

89. Kenneth A. Schopen
    Phoenix, AZ

90. Johanna L. Spencer
    North Babylon, NY

91. Deanna Stauffer
    Lantzville, BC  CANADA

92. Robert F. Stauffer
    Lantzville, BC  CANADA

93. P. Susan Steele
    Mill Valley, CA

94. Bob Stephenson
    Brooklin, ON  CANADA

95. Patricia A. Supplitt
    Naples, FL

96. Nancy Tallon
    London, ON  CANADA

97. Ronald G. Trewin
    Moncton, NB  CANADA

98. Tymac Launch IPP in trust for
    James and Catherine Phillipson
    North Vancouver, BC  CANADA

99. Joseph Tymkow
    by Brenda Rue
    Lethbridge, AB  CANADA

100. Jon Van Benthem
     Heather Van Benthem
     Denver, CO

101. Jean Philippe Verniere
     Riom, FRANCE

102. Sandra F. Viktora
     Pharr, TX

103. Whitney Benefits
     by Tom Kinnison, President
     Sheridan, WY

# 649204