UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minneapolis Firefighters' Relief Association, individually and on behalf of all others similarly situated; Union Asset Management Holding AG; Oklahoma Firefighters Pension Fund; Carpenters Annuity Trust Fund for Northern California; Carpenters Pension Trust Fund for Northern California;<br><br>    Plaintiffs,<br><br> v.<br><br>Medtronic, Inc.; Arthur D. Collins, Jr.; William A. Hawkins, III; and Gary Ellis;<br><br>    Defendants. | Civil No. 08-6324 (PAM/AJB) |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came on for hearing on November 8, 2012 (the "Settlement Hearing") on Lead Counsel's motion to determine whether and in what amount to award Lead Counsel in the above-captioned consolidated class action (the "Action") attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort, except those persons or entities excluded from the definition of the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 20, 2012 (Dkt. 325) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the application for attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund, which sum the Court finds to be fair and reasonable, and $1,481,702.68 in reimbursement of Litigation Expenses, which fees and expenses shall be paid to Lead Counsel from the Settlement Fund.

5. Lead Plaintiff Oklahoma Teachers' Retirement System is hereby awarded $19,039.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

6. Lead Plaintiff Oklahoma Firefighters' Pension and Retirement System is hereby awarded $5,200.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

7. Lead Plaintiff Danske Invest Management A/S is hereby awarded $13,000.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8. Certified Class Representative Westmoreland County Employee Retirement System is hereby awarded $8,750.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

9. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $85 million in cash that has been funded into an escrow account pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs, sophisticated institutional investors that were actively involved in the prosecution and resolution of the Action;

(c) Copies of the Notice were mailed to over 546,400 potential Class Members or their nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $2,000,000, and there are no objections to the requested award of attorneys' fees or Litigation Expenses;

(d) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Action involves complex factual and legal issues and was actively prosecuted for over three years;

(f) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from the Defendants;

(g) Lead Counsel devoted over 71,700 hours, with a lodestar value of approximately $28,627,000, to achieve the Settlement; and

(h) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

10. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

11. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

12. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

13. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this <u>8th</u> day of <u>November, 2012</u>.

*s/ Paul A. Magnuson*
The Honorable Paul A. Magnuson
United States District Court Judge

#683607

4